TIMOTHY COURCHAINE
United States Attorney
District of Arizona
SARAH J. PRECUP
Assistant U.S. Attorney
Arizona State Bar No. 034335
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
sarah.precup@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Cody Christian Likens,<br><br>Defendant. | CR No. 25-CR-01354-AMM-MSA<br><br>GOVERNMENT'S SUPPLEMENTAL BRIEF |

On October 27, 2025, the Court held an evidentiary hearing (Doc. 39) on defendant Christian Cody Likens' Motion to Suppress Evidence as a Violation of the Fourth Amendment to the United States Constitution, seeking to suppress both the traffic stop and the search of the vehicle that Likens was driving (Doc. 26). The United States presented, in relevant part, testimony from Oro Valley Police Department Officer Kristofer Brandstrom, who conducted the stop after a police dispatcher broadcast two "attempts to locate" or ATLs regarding Likens driving on a suspended license. At the close of the hearing, the Court granted the United States' request to submit a supplemental brief on the issue of collective knowledge.

**I. Facts and Procedural History**

The United States incorporates by reference the facts and procedural history as laid out in its Response (Doc. 29), with a few exceptions: Officer Kristofer Brandstrom testified at the evidentiary hearing that he could not specifically recall whether he had independently

verified that Likens' license was suspended before conducting the stop, although he stated that would be his typical practice. Officer Brandstrom testified that the night of October 3, 2024, the police dispatcher had transmitted two separate "attempt to locate" broadcasts (ATLs) for Likens driving on a suspended license in Oro Valley, Arizona based on two separate 911 calls. He testified that the first ATL included information that the dispatcher had verified that Likens' license was in fact suspended. Officer Brandstrom explained that this additional information would only have been visible to him if he had "clicked in" or "double clicked" on the ATL alert on his in-vehicle computer, and that he could not recall whether he had done so.[1]

## II. Under the Collective Knowledge Doctrine, the Dispatcher's Knowledge of Likens' Suspended License May Be Imputed to Officer Brandstrom.

*A. Reasonable Suspicion May be Based on the Collective Knowledge of All Law Enforcement Involved in an Investigation.*

In addition to the other arguments advanced in the United States' Response, Officer Brandstrom had reasonable suspicion to stop Likens in part due to the collective knowledge doctrine. Reasonable suspicion or probable cause may each be based on the collective knowledge of all officers involved in an investigation, even if the detaining officer is not aware of all the facts and circumstances known to other officers. *United States v. Hoyos*, 892 F.2d 1387, 1392-93 (9th Cir. 1989), *overruled on other grounds by United States v. Ruiz*, 257 F.3d 1030 (9th Cir. 2001). *See also United States v. Jensen*, 425 F.3d 698, 704 (9th Cir. 2005); (*United States v. Butler*, 74 F.3d 916, 921 (9th Cir. 1996).

///

---

[1] As a transcript of the October 27, 2025, evidentiary hearing is not available as of the October 31, 2025 filing deadline, this factual recounting is based on the undersigned's notes and memory. Should there be any material differences between the testimony as recounted here and as it appears in the transcript, the undersigned will respectfully defer.

### B. The Collective Knowledge Doctrine Imputes "Critical Information" from One Officer to Another.

The Ninth Circuit has applied the collective knowledge doctrine "regardless of whether any information giving rise to probable cause was actually communicated to the officer conducting the stop, search, or arrest," though "the cases suggest a limited requirement that there be a communication but not necessarily the conveyance of any actual information among officers." *United States v. Ramirez*, 473 F.3d 1026, 1032-33 (9th Cir. 2007). This "limited requirement" is designed "to distinguish officers functioning as a team from officers acting as independent actors who merely happen to be investigating the same subject." *Id.*

It is true that in some cases addressing the collective knowledge doctrine, "the substance of information obtained by other officers had been communicated to the arresting officers." *United States v. Bernard*, 623 F.2d 551, 561 (9th Cir. 1979). But the Court has rejected the idea this actual communication is *required. Id.; e.g.*, *Ramirez*, 473 F.3d at 1033, n.5 ("The arresting officer [in *Bernard*] knew some, but not all, of the 'critical information.' The missing pieces are imputed to him, so long as he was working with the other officers, even though they were not communicated."). Similarly, in *Mayo*, the Ninth Circuit found the defendant's detention was supported by reasonable suspicion where a police dispatcher told an officer to investigate suspicious narcotics activity and provided a description of the suspected vehicles involved, even where the dispatcher did not relay all the relevant facts supporting reasonable suspicion. *United States v. Mayo*, 394 F.3d 1271, 1275, n.7 (9th Cir. 2005).

In this case, Officer Brandstrom testified that he could not recall whether at the time of the first ATL, he had "clicked in" to the alert on his in-vehicle computer for further information, where he would have seen the dispatcher's independent confirmation that Likens' license was suspended. He may have had this information, or he may not have. But since the Ninth Circuit has not required that actual communication, the United States need not prove that it occurred. The dispatcher indisputably communicated to Officer

Brandstrom (and all department police officers on duty) some information about Likens driving on a suspended license. Even if the dispatcher did not successfully communicate *all* possible information to Officer Brandstrom, therefore, the dispatcher's knowledge that Likens' license was in fact suspended can be imputed to him.

### *C. No Precedent Suggests a Police Dispatcher is Distinct From Other Law Enforcement Actors for the Purposes of the Collective Knowledge Analysis.*

The undersigned could locate no case law squarely addressing whether a police dispatcher is distinct from a law enforcement officer or agent for the purposes of the collective knowledge analysis. In *Mayo*, however, as mentioned above, the Ninth Circuit found the defendant's detention was supported by reasonable suspicion where a police dispatcher told an officer to investigate suspicious narcotics activity, even where the dispatcher did not relay all the relevant facts supporting reasonable suspicion from another officer. *Mayo*, 394 F.3d at 1275, n.7. And although in *Robinson*, the Ninth Circuit quashed the stop and search for lacking reasonable suspicion, it noted that "[i]f the dispatcher himself had had founded suspicion . . . the dispatcher could properly have delegated the stopping function" to the officer. *United States v. Robinson*, 536 F.2d 1298, 1300 (9th Cir. 1976).

Additionally, in an unpublished opinion from this District, the court applied the collective knowledge doctrine to an agent and an officer whose investigation began based on information supplied by an off-duty police communications dispatcher, although the court did not explicitly address whether the dispatcher's knowledge could be imputed to the officer or agent. *United States v. Acuna*, No. CR-07-1178-TUC-CKJ (JCG), 2008 WL 1836795, at *3 (D. Ariz. April 23, 2008). More generally speaking, courts have also held that law enforcement officers may rely on information provided by a police dispatcher. *See United States v. Garcia-Acuna*, 175 F.3d 1143, 1146-47 (9th Cir. 1999) (holding that court should have considered dispatcher's license report, though erroneous, in reasonable suspicion analysis); *United States v. De Leon-Reyna*, 930 F.2d 396 (5th Cir. 1991) (en

banc) (holding that good faith exception applied where Border Patrol Agent relied on dispatcher's erroneous license plate report information in conducting stop).

Given that no precedent suggests a police dispatcher is distinct from an officer or agent for purposes of the collective knowledge analysis, the United States respectfully submits the dispatchers' knowledge that Likens' license was in fact suspended can and should be imputed to the stopping officer in this case.

### III. Conclusion

Here, the uncontroverted testimony presented by the government was that: (1) two anonymous 911 calls the evening of the stop reported that the defendant, Cody Likens, was driving on a suspended license in a particular area in Oro Valley, Arizona; (2) after the first anonymous 911 call, the dispatcher confirmed that Likens' license was suspended and put out an "attempt to locate" (ATL) to all officers; (3) Officer Brandstrom was on shift at the time of the ATL; (4) Officer Brandstrom could not recall whether he independently checked that Likens' license was suspended, but it would be his usual practice to do so; (5) shortly after the second 911 call and a corresponding second ATL, Officer Brandstrom personally observed Likens driving a vehicle that matched the description from the ATL just down the road from the area specified in the ATL, and conducted a stop. Under the collective knowledge doctrine, the dispatcher's knowledge that Likens' license was in fact suspended may be imputed to Officer Brandstrom. Given all the above, Officer Brandstrom had reasonable suspicion to stop Likens for driving on a suspended license, and Likens' motion should be denied.

/ / /

Respectfully submitted this 31st day of October, 2025.

        TIMOTHY C. COURCHAINE
        United States Attorney
        District of Arizona

        *s/Sarah J. Precup*

        SARAH J. PRECUP
        Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 31st day of October, 2025, to:
All CM/ECF participants.