**RICHARD C. BOCK**
**SUITE 1003, PIONEER PLAZA BUILDING**
**100 NORTH STONE AVENUE**
**TUCSON, AZ  85701**
**(520) 792-4940**
**(520) 792-2139 (FAX)**
**lingemanbock@qwestoffice.net**

**ATTORNEY FOR DEFENDANT LIKENS**

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | NO. CR25-1354-TUC-AMM(MSA) |
| Plaintiff, | ) | **MOTION TO WITHDRAW AS** |
| | ) | **COUNSEL OF RECORD AND FOR** |
| VS. | ) | **APPOINTMENT OF NEW COUNSEL** |
| Cody Christian Likens, | ) | |
| Defendant. | ) | |

It is expected that excludable delay pursuant to Title 18 U.S.C. §3161(h)(1)(F) will occur as a result of this motion or an order based thereon.

On behalf of Defendant, Cody Christian Likens, and pursuant to Rules 12 and 45(b) Fed.R.Crim.P.; LRCrim.P. 57.14; and LRCiv.P.83.3(b)(2), undersigned counsel moves this Court for leave to withdraw as counsel of record in the instant case and asks this Court to appoint substitute counsel to represent Mr. Likens.

Mr. Likens has provided a letter to undersigned counsel dated November 6, 2025 expressing his dissatisfaction and lack of confidence in undersigned counsel's continued representation.  As a result, he wishes undersigned counsel to withdraw.

For these reasons, Mr. Likens is requesting a new attorney be assigned to represent him in

this case.

As a result of the above-mentioned lack of confidence and communication, counsel will be unable to reasonably work with the defendant to the extent reasonably necessary to permit the defendant to make informed decisions regarding the representation. Such irreconcilable differences and lack of communication are valid legal grounds for appointment of new counsel. ***United States v. Nguyen,*** 262 F.3d 998, 1004 (9th Cir. 2001); ***United States v. Moore,*** 159 F.3d 1154, 1159-60 (9th Cir. 1998); ***United States v. McClendon,*** 782 F.2d 785, 789 (9th Cir. 1986). The same differences constitute good cause for withdrawal of counsel under LRCiv. P. 83.3(b)(3).

Lastly, the defendant's supplemental memorandum on the issue of whether the collective knowledge doctrine imputes the dispatcher's knowledge to the officer making the stop is due on November 10, 2025. Undersigned counsel would ask that the time in which the defendant's supplemental memorandum is due be extended so as to allow new counsel to address that issue.

For the above-stated reasons, it is respectfully requested that the court permit undersigned counsel to withdraw and appoint new counsel to represent Mr. Likens.

RESPECTFULLY SUBMITTED this 10th day of November, 2025.

BY   /s/ RICHARD C. BOCK

Copy of the foregoing
delivered this date to:

U.S. Attorney