CODY CHRISTIAN LIKENS
10065 N. Alderspring Dr.
Oro Valley, AZ 85737
520-425-7415
codylikens1@gmail.com
Defendant, Pro Se

FILED ✓ LODGED
RECEIVED COPY

NOV 2 0 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | |
| Plaintiff, | ) | **No. CR25-1354-TUC-AMM (MSA)** |
| | ) | |
| vs. | ) | **SUPPLEMENTAL MOTION** |
| | ) | **FOR EXPANDED EVIDENTIARY SCOPE** |
| Cody Christian Likens, | ) | **DISCOVERY AND SUBPOENAS RELATED** |
| Defendant. | ) | **TO MOTION TO SUPRESS** |

It is expected that excludable delay pursuant to 18 U.S.C. § 3161(h) will occur as a result of this motion or of an order based thereon.

Defendant, Cody Christian Likens, appearing pro se with stand-by counsel only, respectfully moves this Court for an order (1) expanding the scope of the evidentiary hearing on the pending Motion to Suppress; (2) compelling targeted discovery necessary to resolve disputed factual issues material to suppression; and (3) authorizing the issuance and funding of Rule 17 subpoenas for witnesses and documents that cannot be obtained by other means.

This Motion is intended to operate in tandem with, and is incorporated by reference into, Defendant's Supplemental Brief in Response to "Collective Knowledge" Doctrine. The relief requested here is narrowly tailored to the factual disputes identified in that filing and is necessary to ensure a complete and accurate record for adjudicating Defendant's Fourth, Fifth, and Sixth Amendment claims.

1

# I. BACKGROUND AND NEED FOR EXPANDED EVIDENTIARY SCOPE

As set forth in the Supplemental Brief, the Government's justification for the October 3, 2024 stop relies on (1) anonymous, police-directed 911 callers repeatedly mischaracterized as "self-identified neighbors," and (2) a dispatcher's unilateral insertion of "driving on a suspended license" language into CAD, without contemporaneous MVD verification or any observed traffic violation. OVPD CAD, radio logs, Master Call Table entries, and 911 recordings demonstrate that:

- only one ATL was actually generated;

- the first call was coded "Suspicious Activity" and closed "No Contact," with officers staged at the gates of Defendant's private community "waiting for him to come out;"

- both callers expressly invoked anonymity pursuant to OVPD instruction at an October 1 neighborhood meeting; and

- the ATL label used in the second call derived solely from a dispatcher's inference, not from verified information or officer observations.

The Government's proffered narrative also conflicts with:

- contemporaneous classification of the event as cite-and-release rather than custodial arrest;

- timestamp irregularities and gaps in radio/CAD traffic during critical periods; and

- prior documented interactions between OVPD and Defendant (including April 17 and October 17, 2024) that bear directly on officer credibility, motive, and pattern.

These discrepancies create material factual disputes that cannot be resolved on written submissions alone. Under Fed. R. Crim. P. 12(d) and the Court's inherent authority, an expanded evidentiary hearing

2

is warranted to allow live testimony, cross-examination, and presentation of contemporaneous electronic records that contradict the Government's reconstruction.

## II. REQUESTED EXPANSION OF EVIDENTIARY HEARING

Defendant respectfully requests that the Court expand the scope of the evidentiary hearing on the Motion to Suppress to include, at minimum, live testimony and documentary evidence from the following categories:

1. **OVPD Personnel Involved in October 3, 2024 Incident**

   - Officer Brandstrom (stopping/searching officer);

   - the dispatcher(s) who generated and processed calls V24100121 and V24100125;

   - the 911 call-taker(s) who received the underlying calls;

   - any supervising sergeant/lieutenant who directed deployment and staging at the gates of Defendant's community.

2. **OVPD Personnel Involved in October 1, 2024 Neighborhood Meeting**

   - officers and supervisors who organized, attended, or directed that meeting;

   - any OVPD personnel who instructed residents to surveil Defendant and "call anonymously" so that officers could "catch him."

3. **Civilian Witnesses / 911 Callers**

   - the callers associated with V24100121 and V24100125;

   - civilian attendees of the October 1 meeting who were instructed to report Defendant anonymously.

3

4. **Records Custodians**

- OVPD records personnel capable of authenticating CAD logs, Master Call Tables, radio recordings, 911 recordings, and internal emails/messages relevant to October 1 and October 3, 2024;

- if necessary, custodians or agents from the prosecuting office to address communications between OVPD and federal authorities regarding federal adoption of the case.

Live testimony and proper foundation for electronic records are essential for determining (a) whether any officer actually possessed lawful reasonable suspicion before the stop, (b) whether that knowledge was ever contemporaneously and lawfully transmitted to Officer Brandstrom, and (c) whether civilian callers were acting as police agents under Coolidge and related state-action precedent.

## III. TARGETED DISCOVERY NECESSARY TO RESOLVE SUPPRESSION ISSUES

In addition to expanded live testimony, Defendant requests an order compelling production of the following targeted discovery, all of which is material to the motion to suppress and falls within Brady, Giglio, and Rule 16:

1. **CAD / Dispatch / Master Call Table Records**

- Complete, unredacted CAD entries and Master Call Table records for calls V24100121 and V24100125 (and any associated incident numbers) from October 3, 2024;

- any related dispatch incidents, event numbers, or cross-referenced call IDs reflecting surveillance or staging at Defendant's community before the stop.

2. **Radio and 911 Audio Recordings**

4

- Full audio of all radio traffic concerning Defendant or his vehicle on October 3, 2024, from the time of the first 911 call through the final disposition;

- full audio recordings of the 911 calls linked to V24100121 and V24100125;

- any internal OVPD channel or tactical communications not ordinarily logged in CAD but captured on radio/audio systems.

3. **October 1, 2024 Neighborhood Meeting Materials**

- emails, text messages, memos, or other communications arranging or summarizing the October 1 meeting;

- any written guidance, talking points, presentation slides, or handouts instructing residents how and when to report Defendant, including any direction to "call anonymously;"

- sign-in sheets, attendance lists, or notes reflecting which officers and civilians participated.

4. **Policies and Procedures Relevant to Tow, Inventory, and Use of Force**

- OVPD written policies or directives governing discretionary tows, community-caretaking impounds, and inventory searches in effect on October 3, 2024;

- any policy governing "high-risk" vehicle stops, pointing of firearms, and arrests in the presence of minor children;

- any internal guidance on documenting use of force, risk assessments, or jurisdictional limitations when assisting with federal warrants.

5. **Federal–OVPD Coordination and Fugitive Designation / Sealing Materials**

- communications between OVPD and federal authorities (including the U.S. Attorney's Office, ATF, or other federal agents) relating to federal adoption of the October 3 incident, the decision to seek a sealed indictment, or the decision to characterize Defendant as a "fugitive;"

- any documentation, reports, or affidavits submitted in support of the fugitive designation or sealing under Fed. R. Crim. P. 6(e)(4);

- any surveillance logs or reports documenting warrantless monitoring of Defendant in the period between the dismissal of the state case and the execution of the sealed federal warrant.

Other than body-worn camera footage produced under a protective order, the vast majority of the factual record relied upon in the Supplemental Brief has been obtained by Defendant through his own public-records efforts rather than through ordinary criminal discovery. That posture is incompatible with Rule 5(f), Brady, Giglio, and fundamental due process. Targeted disclosure of the above categories is necessary to correct and complete the evidentiary record the Government has selectively presented.

## IV. RULE 17 SUBPOENAS FOR WITNESSES AND DOCUMENTS

Pursuant to Fed. R. Crim. P. 17(a), (b), and (c), Defendant requests that the Court authorize issuance of subpoenas, and, to the extent necessary, government-funded subpoenas, for the following:

1. **Witness Subpoenas (Rule 17(a) / 17(b))**

   - Officers and dispatch/911 personnel described in Section II, including but not limited to Officer Brandstrom and the dispatcher(s) and call-taker(s) handling V24100121 and V24100125;

- OVPD supervisors and personnel who organized or attended the October 1, 2024 neighborhood meeting;

- civilian 911 callers associated with the October 3 calls and civilian attendees of the October 1 meeting with relevant knowledge of police instructions or coordination.

Defendant is currently detained and indigent and therefore requests, where necessary, that the Court authorize subpoenas at government expense under Rule 17(b) upon a showing that the witness's presence is necessary to an adequate defense.

2. **Subpoenas Duces Tecum (Rule 17(c))**

Narrowly tailored subpoenas duces tecum directed to OVPD, relevant dispatch centers, and, if necessary, federal agencies should issue to compel:

- complete CAD, Master Call Table, and radio/911 audio records as described in Section III;

- written policies regarding tow, inventory, community-caretaking, and high-risk stop procedures;

- internal communications, notes, and materials regarding the October 1 meeting and subsequent surveillance or operations directed at Defendant;

- communications and records related to the fugitive designation, sealed indictment, and coordination between OVPD and federal authorities.

These subpoenas are not fishing expeditions. They are narrowly targeted to specific, contemporaneous materials necessary to test the Government's suppression narrative against objective documentary evidence.

## V. RELATION TO FRANKS AND RULE 6(e)(4) ISSUES

As detailed in the Supplemental Brief, the false fugitive designation, the prolonged use of a Rule 6(e)(4) seal, and the use of that misinformation to justify a high-risk arrest conducted with Defendant's children present collectively implicate Franks v. Delaware and exceed the narrow purposes for which indictment sealing is permitted. The requested materials concerning:

- the factual predicate for the fugitive label;

- the basis for sealing under Rule 6(e)(4); and

- communications used to justify these measures

are essential to determine whether intentional or reckless falsehoods or material omissions tainted the process. The same pattern of misrepresentation and omission that infects the October 3 suppression record appears to have carried forward into the federal adoption and sealing process. The Court cannot meaningfully evaluate these issues without a complete record.

## VI. CONCLUSION AND REQUESTED ORDERS

For the reasons set forth above and in the Supplemental Brief, Defendant respectfully requests that the Court enter an order:

1. Expanding the evidentiary hearing on the Motion to Suppress to include live testimony from OVPD officers, dispatch/911 personnel, OVPD supervisors, records custodians, and civilian witnesses as outlined in Section II;

2. Directing the Government to produce, by a date certain, the targeted discovery described in Section III, including complete CAD/Master Call Table records, radio and 911 recordings,

October 1 meeting materials, relevant policy documents, and federal–OVPD coordination and

sealing/fugitive-designation materials;

3. Authorizing Defendant to issue Rule 17(a) subpoenas for identified witnesses, and, upon proper

   application, Rule 17(b) subpoenas at government expense for necessary witnesses who

   Defendant cannot otherwise secure;

4. Authorizing Defendant to issue Rule 17(c) subpoenas duces tecum for the documentary

   categories described in Section III and IV(2);

5. Granting such further relief as the Court deems just and proper to ensure a complete, accurate,

   and constitutionally adequate record for adjudicating Defendant's suppression motion.

Respectfully submitted,

Executed on this 20 day of ___November___, 2025.

Cody Christian Likens
Defendant, Pro Se
10065 N. Alderspring Dr.
Oro Valley, AZ 85737
520-425-7415
codylikens1@gmail.com