CODY CHRISTIAN LIKENS
10065 N. Alderspring Dr.
Oro Valley, AZ 85737
520-425-7415
codylikens1@gmail.com
Defendant, Pro Se



IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| United States of America,  | ) | |
|---|---|---|
| Plaintiff, | ) | No. CR25-1354-TUC-AMM (MSA) |
| | ) | |
| | ) | **NOTICE OF FILING APPENDIX A TO** |
| | ) | **SUPPLEMENTAL BRIEF IN RESPONSE TO** |
| | ) | **"COLLECTIVE KNOWLEDGE" DOCTRINE** |
| vs. | ) | **IN SUPPORT OF MOTION TO SUPPRESS** |
| | ) | |
| | ) | |
| Cody Christian Likens, | ) | |
| Defendant. | ) | |

Defendant, Cody Christian Likens, appearing pro se, hereby files Appendix A – Controlling Authorities Index, which was explicitly referenced in, but inadvertently omitted from, the Supplemental Brief in Response to "Collective Knowledge" Doctrine filed on November 20th, 2025.

This Appendix is filed *instanter* to complete the record and provide the Court with the legal authorities cited throughout the Supplemental Brief.

Respectfully submitted,

/s/ Cody Christian Likens
Cody Christian Likens

Defendant, Pro Se

Executed on this 21 day of November, 2025.

/s/ Cody Likens

# APPENDIX A – CONTROLLING AUTHORITIES INDEX

*All controlling authorities referenced in the Supplemental Brief are organized by doctrinal category and aligned with the section headings used in the main text.*

## § I – Anonymous Tips, Dispatch Inferences, and Informant Reliability

**Supreme Court**

- **Alabama v. White**, 496 U.S. 325 (1990)
  Anonymous tips require predictive detail and corroboration under the *totality of the circumstances*.

- **Florida v. J.L.**, 529 U.S. 266 (2000)
  Bare anonymous tips—even alleging weapons—are insufficient to establish reasonable suspicion.

- **Navarette v. California**, 572 U.S. 393 (2014)
  A narrow, fact-specific holding where a 911 caller's contemporaneous eyewitness report of a single dangerous driving act was deemed reliable; does **not** convert anonymous 911 calls into presumptively reliable evidence.

**Ninth Circuit**

- **United States v. Thomas**, 211 F.3d 1186 (9th Cir. 2000)
  Dispatch cannot create reasonable suspicion from unreliable or uncorroborated information; courts assess the reliability and basis of knowledge of the original caller.

- **United States v. Twilley**, 222 F.3d 1092 (9th Cir. 2000)
  A mistake or incorrect inference by dispatch does not create reasonable suspicion for a stop. A dispatcher's incorrect "suspended license" inference cannot justify a stop.

**Used in Brief For:** Sections I & II.

## § II – Collective Knowledge; CAD/Radio Logs; Backfilling & Post-Hoc Reconstruction

### Ninth Circuit

- **United States v. Ramirez**, 473 F.3d 1026 (9th Cir. 2007)
  Collective-knowledge doctrine requires:
  (1) some officer actually possessed reasonable suspicion or probable cause;
  (2) contemporaneous communication;
  (3) reliable transmission enabling imputation.
  Absent these, the doctrine fails.

- **Washington v. Lambert**, 98 F.3d 1181 (9th Cir. 1996)
  **Radio and CAD logs control** where there is a conflict between officer testimony and contemporaneous recordings; post-hoc reconstruction is not credited.

- **United States v. Gorman**, 859 F.3d 706 (9th Cir. 2017)
  Officers cannot layer inferences or bootstrap each other's suspicions; knowledge can only be imputed if the transmitting officer actually had reasonable suspicion.

**Used in Brief For:** Sections II & III.

## § III – Police-Directed Civilian Informants; State Action

### Supreme Court

- **Coolidge v. New Hampshire**, 403 U.S. 443 (1971)
  Private individuals become State actors when they act at the direction of police or as instruments of law enforcement. Their conduct is attributable to the State for Fourth Amendment purposes.

**Used in Brief For:** Section IV.

## § IV – Scope, Origin, and Duration of Stops; Pretext; Mission Creep

**Supreme Court**

- **Terry v. Ohio**, 392 U.S. 1 (1968)
  Reasonable suspicion must be based on specific, articulable facts. Scope and duration must match the justification for the stop.

- **Rodriguez v. United States**, 575 U.S. 348 (2015)
  A stop may not be prolonged beyond its "mission" absent new, independent reasonable suspicion. Even a short extension is unconstitutional.

- **Arizona v. Gant**, 556 U.S. 332 (2009)
  A vehicle search incident to arrest is invalid unless the arrestee can access the vehicle or officers have reason to believe evidence of the crime of arrest is inside. Critical where the "inventory" is a pretext for an investigatory search.

## Ninth Circuit

- **United States v. Landeros**, 913 F.3d 862 (9th Cir. 2019)
  Controlling Ninth Circuit application of *Rodriguez*. Officers may not prolong a traffic stop for unrelated questioning or investigation—including calling for backup or a dog—absent new reasonable suspicion.

- **United States v. Colin**, 314 F.3d 439 (9th Cir. 2002)
  Where officer's claimed reason for the stop is objectively false or contradicted by evidence (e.g., CAD, video), suppression is required.

- **United States v. Johnson**, 874 F.3d 571 (9th Cir. 2017)
  A dog sniff that prolongs a stop violates **Rodriguez**. Officers cannot manufacture delay to wait for a K-9 absent new reasonable suspicion.

- **United States v. Montero-Camargo**, 208 F.3d 1122 (9th Cir. 2000) (en banc)
  Reasonable suspicion cannot be based on hunch, generalized suspicion, or factors lacking particularized, objective significance.

**Used in Brief For:** Sections I, II, VI.

## § V – Impound and Inventory Search Doctrine

**Supreme Court**

- **South Dakota v. Opperman**, 428 U.S. 364 (1976)
  Inventory searches require a legitimate community-caretaking purpose.

- **Colorado v. Bertine**, 479 U.S. 367 (1987)
  Inventories must follow standardized procedures; discretion cannot be used for investigative objectives.

- **Florida v. Wells**, 495 U.S. 1 (1990)
  Inventories are invalid where officers exercise uncanalized discretion without established policies.

**Ninth Circuit**

- **United States v. Cervantes**, 703 F.3d 1135 (9th Cir. 2012)
  Impound unlawful where the rationale was pretextual; suppression required.

- **United States v. Caseres**, 533 F.3d 1064 (9th Cir. 2008)
  Inventory and impound cannot be used as investigatory tools. Invalid where community-caretaking rationale is a pretext.

**Used in Brief For:** Section V.

---

## § VI – Fruit of the Poisonous Tree; Derivative Evidence; Attenuation

**Supreme Court**

- **Wong Sun v. United States**, 371 U.S. 471 (1963)
  Evidence obtained directly or indirectly as a result of an unconstitutional search or seizure must be suppressed unless the causal chain is broken by independent circumstances.

**Used in Brief For:** Sections V–VIII.

## § VII – Brady, Giglio, Rule 5(f) Disclosure, and Duty of Candor

**Supreme Court**

- **Brady v. Maryland**, 373 U.S. 83 (1963)
  Exculpatory evidence must be disclosed.

- **Giglio v. United States**, 405 U.S. 150 (1972)
  Impeachment evidence is within Brady.

**Federal Rules**

- **Fed. R. Crim. P. 5(f)**
  Mandatory Brady order; ongoing duty of timely disclosure.

**Used in Brief For:** Sections VII & VIII.

---

## § VIII – Subpoena Authority (Witnesses, Documents) for Suppression Proceedings

**Federal Rules**

- **Fed. R. Crim. P. 17(a)**
  Subpoena ad testificandum (compelling witnesses).

- **Fed. R. Crim. P. 17(c)**
  Subpoena duces tecum (documents, recordings, dispatch logs, CAD data).

- **Fed. R. Crim. P. 17(b)**
  Court-funded subpoenas for indigent defendants.

**Used in Brief For:** Sections VII & IX.