CODY CHRISTIAN LIKENS
10065 N. Alderspring Dr.
Oro Valley, AZ 85737
520-425-7415
codylikens1@gmail.com
Defendant, Pro Se



# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>    Plaintiff,<br><br>vs.<br><br><br><br><br><br><br>Cody Christian Likens,<br>    Defendant. | No. CR25-1354-TUC-AMM (MSA)<br><br>**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE (DOC. 56) REGARDING SUPPLEMENTAL MOTION TO EXPAND EVIDENTIARY SCOPE** |

*It is expected that excludable delay pursuant to U.S.§3161(h) will occur as a result of this motion or of an order based thereon.*

Defendant Cody Christian Likens, pro se, respectfully replies to the United States' response opposing Defendant's Supplemental Motion to modestly expand evidentiary scope and obtain limited OVPD materials directly relevant to the Fourth Amendment issues before the Court. The Government's response relies on an inaccurate framing of Defendant's request as "civil discovery," and urges the Court to decide suppression

1

issues on a truncated record while conceding additional responsive OVPD materials remain outstanding.

## *I. This request is not civil discovery; it is directed to suppression relevance, credibility, and record integrity*

The Government repeatedly characterizes Defendant's request as a "fishing expedition" for a civil lawsuit. That framing is incorrect. Defendant does **not** seek civil discovery or civil adjudication in this criminal proceeding. Defendant seeks narrowly targeted records that bear directly on: (1) the information relayed to officers via dispatch/CAD; (2) the chronology of the stop and any extension; (3) the asserted justification and standardized basis (if any) for any inventory search; and (4) credibility where contemporaneous records conflict with narrative reports or testimony.

Rather than correcting the incomplete or inaccurate factual framework from which the Government urges the Court to resolve the suppression issues, the Government asks the Court to proceed on that truncated record. Defendant's request is directed precisely at avoiding that result. The limited supplementation sought is intended to ensure the Court's Fourth Amendment analysis rests on what contemporaneous records reflect, not on a streamlined narrative that omits material dispatch, CAD, and coordination evidence now known to exist.

## *II. The Government cannot claim completed Brady/Giglio compliance while conceding outstanding OVPD requests*

In the same response in which the Government asserts it has satisfied its Brady/Giglio obligations, it acknowledges that it **still must request additional materials from OVPD** (including radio/dispatch materials) and will do so. That posture is internally inconsistent.

Under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Kyles v. Whitley*, 514 U.S. 419, 437–38 (1995), the prosecution's duty extends to favorable evidence known to others "acting on the government's behalf," including police and investigative partners. Impeachment is Brady material. *Giglio v. United States*, 405 U.S. 150, 154 (1972). The Ninth Circuit likewise recognizes constructive possession/knowledge where cooperating agencies participate in the investigation. *United States v. Price*, 566 F.3d 900, 910 (9th Cir. 2009).

Here, OVPD initiated the stop, generated the CAD/radio records, and performed the inventory/search activities at issue. If the Government concedes responsive OVPD materials remain uncollected, Brady/Giglio compliance cannot be treated as "complete" until those items are obtained, reviewed, and disclosed where favorable or impeaching.

ompounding the problem, both the Government and OVPD have relied on additional asserted circumstances—including references to the supsicious activity/no contact call from earlier in the day, and describing it as an "attempt to locate"—to contextualize or

justify the October 3, 2024 events. Yet the Government concedes it has not yet obtained the underlying OVPD records necessary to verify those assertions, including the contemporaneous CAD, radio traffic, or administrative documentation that would corroborate or contradict Officer Brandstrom's testimony. Proceeding on suppression while unverified circumstances are implicitly relied upon risks entrenching assumptions that have not been tested against the actual source records.

### *III. Defendant has not had a fair opportunity to place known OVPD records into the suppression record*

The Government suggests Defendant "already had the chance" to litigate suppression through prior counsel.

That is off mark given the record posture and the circumstances that prevented a complete evidentiary presentation.

Defendant and his brother lawfully obtained OVPD CAD logs, Master Call Table entries, 911 and radio recordings, policy materials, and related records through public-records requests. The issue is not that the materials did not exist or were unavailable; the issue is that they were not placed into the suppression record because prior counsel declined to submit them despite Defendant's requests—leaving an incomplete record through no fault of Defendant.

After assuming pro se status, Defendant has undertaken to authenticate, organize, and prepare these materials for proper submission by sworn declaration and chain-of-custody/provenance proof. Where impeachment and contradictory materials bearing on officer credibility exist but were excluded from the suppression record through circumstances outside the defendant's control, limited supplementation or reopening is an appropriate remedy to ensure a fair and reliable Fourth Amendment adjudication. *United States v. Walczak*, 783 F.2d 852, 857–58 (9th Cir. 1986).

***IV. The requested materials bear directly on reasonable suspicion, stop extension, inventory justification, and witness credibility***

The categories at issue are not collateral:

- **CAD / Master Call Table / dispatch records and radio audio** are probative of what information was relayed to officers, when it was relayed, and whether testimony and reports align with contemporaneous records—central to reasonable suspicion and any extension beyond the stop's mission. See *Rodriguez v. United States*, 575 U.S. 348, 354–57 (2015).

- Where the Government relies on a streamlined narrative that omits or truncates contemporaneous source records, targeted supplementation is warranted to allow the Court to evaluate credibility and the actual factual predicates presented at the time of the stop/search.

5

That certain evidence may also reflect broader coordination or obfuscation does not render it irrelevant; it is probative here solely as it bears on pretext, credibility, and the materiality of omissions to the suppression analysis.

## *V. Evidence exists regarding the October 1 meeting, contrary to the Government's "nothing substantive" framing*

The Government maintains there is nothing substantive regarding the October 1 neighborhood meeting.

Defendant has evidence reflecting that the meeting occurred and that communications regarding it exist. Defendant is preparing those materials for proper submission (with appropriate sealing/redaction where necessary) as impeachment and credibility evidence bearing on pretext and coordinated enforcement relevant to the suppression issues and the reliability of the current record.

## *VI. Requested Relief*

Defendant respectfully requests that the Court:

1. Grant Defendant's Supplemental Motion to permit modest supplementation of the suppression record limited to: (a) complete OVPD CAD/Master Call Table and associated 911/radio materials for the October 3, 2024 events and related calls; (b) standardized policy/procedure materials relevant to the asserted inventory/search

justification and documentation requirements; and (c) non-privileged materials reflecting the existence and substance of the October 1 meeting and related communications, to the extent they bear on credibility and pretext;

2. Defendant requests leave to submit the identified materials by sworn declaration and authenticated proffer, or for conditional or in-camera consideration under Rule 104(a), to ensure a complete suppression record.

3. If such discovery has not been received by the time the Court reviews this motion, direct the Government to reproduce discovery directly to Defendant, including any discovery previously provided to prior counsel, and to complete and schedule production of responsive OVPD materials the Government acknowledges remain outstanding.

4. Establish a brief, focused process for submission and review (including in-camera review or conditional consideration where appropriate) to ensure the Court's suppression ruling is made on a complete and accurate record.

Respectfully submitted,

DATED: November 15th, 2025

/s/ Cody Christian Likens

Cody Christian Likens

Defendant, Pro Se

10065 N. Alderspring Dr.

Oro Valley, AZ 85737

(520) 425-7415