CODY LIKENS
10065 N. Alder Spring Dr.
Oro Valley, 85737
520-4257415
codylikens1@gmail.com
Defendant, Pro Se



FILED ✓   LODGED ___
RECEIVED ___   COPY ___

JAN - 2 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, Plaintiff, | Case No. CR25-01354-TUC-AMM(MSA) |
| v. | **DEFENDANT'S OBJECTIONS UNDER RULE 59(a) TO MAGISTRATES ORDER DENYING TO REOPEN EVIDENTIARY HEARING AND COMPEL DISCOVERY** |
| Cody Christian Likens, Defendant | |
| **(DOC. 67)** | |

*(Fed. R. Crim. P. 59(a); 28 U.S.C. § 636(b)(1)(A); and Motion for Extension under Fed. R. Crim. P. 45(b))*

Defendant **Cody Christian Likens**, appearing *pro se*, hereby objects under **Federal Rule of Criminal Procedure 59(a) and 28 U.S.C. § 636(b)(1)(A)** to the Magistrate Judge's Order denying Defendant's motion to reopen the evidentiary hearing and compel discovery (Doc. 67). The District Judge must "consider timely objections and modify or set aside any part of the

order that is contrary to law or clearly erroneous." *Fed. R. Crim. P.* 59(a); 28 U.S.C. § 636(b)(1)(A).

**Defendant also moves for a short extension of time, for good cause, to file or supplement Rule 59(b) objections to the Report and Recommendation (Doc. 66), because core materials necessary to challenge dispositive factual findings (dispatch verification, chronology, and radio and cad logs,) have not been fully produced.** *Fed. R. Crim. P.* 45(b); *Fed. R. Crim. P.* 59(b)(2).

## I. RELIEF REQUESTED

Defendant respectfully requests that the Court:

1. **Set aside or modify Doc. 67** to the extent it denies reopening and denies compelled production of time-stamped dispatch/PSAP materials central to the stop's inception, sequence, and asserted verification;

2. **Order targeted production** of native dispatch/PSAP and radio materials (including complete audio and native CAD/radio-log audit and event-history data), and related BWC/booking/tow-inventory materials necessary to resolve the disputed chronology;

3. **Reopen the evidentiary hearing on a limited basis** to authenticate native records and resolve material factual disputes affecting reasonable suspicion at inception and the lawfulness of the subsequent impound and inventory;

4. **Alternatively, order in camera review** of disputed or withheld dispatch/CAD materials to determine materiality and what must be disclosed; and

5. **Extend the Rule 59(b) objection deadline** for the Report and Recommendation for good cause.

## II. STANDARD OF REVIEW

This objection challenges a **non-dispositive** order of a magistrate judge. The governing standard is whether the order is **"contrary to law or clearly erroneous."** *Fed. R. Crim. P.* 59(a); 28 U.S.C. § 636(b)(1)(A).

## III. RELEVANT BACKGROUND

*(Including November 20 Faretta Hearing)*

Doc. 67 denied reopening and compelled discovery while (1) acknowledging that at least some first-call radio traffic had not yet been produced and would be requested later, and (2) concluding that the existing testimony was sufficient to decide suppression. (Doc. 67 at 2–4.)

On **November 20, 2025,** the Court conducted a **Faretta hearing** after prior counsel refused to submit defense evidence and otherwise declined to present critical materials necessary to litigate suppression, including objective dispatch, radio, CAD, and chronology evidence. The Faretta inquiry underscores that Defendant's ability to develop and present the suppression

record had been procedurally impaired and was only recently restored through self-representation. *See Faretta v. California*, 422 U.S. 806, 819–20 (1975).

The suppression issues turn on **objective, time-stamped facts**—what dispatch did and communicated, and when—typically proven by native PSAP/CAD event histories, radio logs and audio, and metadata, not reconstructed narratives.

## IV. ARGUMENT

**A. Denial of Reopening Is Contrary to Law Because It Prevents a Meaningful Opportunity to Litigate Suppression Following the November 20 Faretta Hearing**

**Issue**

Whether Doc. 67 is contrary to law because it refuses to reopen the evidentiary hearing notwithstanding that (1) the Court held a Faretta hearing on November 20 after counsel refused to present defense evidence, and (2) the requested reopening is narrowly targeted to objective records central to reasonable suspicion, the seizure timeline, and inventory justification.

**Rule**

The Fourth Amendment reasonableness inquiry turns on what was known and done at the time of seizure. *Terry v. Ohio*, 392 U.S. 1, 21–22 (1968).

A defendant must have a constitutionally meaningful opportunity to present a defense on material issues; exclusion of defense evidence central to a claim can raise due process

concerns. *Crane v. Kentucky*, 476 U.S. 683, 690 (1986); *Chambers v. Mississippi*, 410 U.S. 284, 302–03 (1973).

**Application**

Doc. 67 concludes that "the testimony already provided is sufficient" to decide suppression (Doc. 67 at 2), but that conclusion disregards the procedural reality that Defendant's prior counsel refused to submit defense evidence, precipitating the November 20 Faretta hearing.

A limited reopening is especially appropriate where the dispute turns on the integrity and meaning of objective, time-stamped dispatch records and the sequencing of purported verification, arrest or custody designation, tow decision, and inventory actions. Denial of reopening forecloses development of the best evidence on these dispositive issues.

**Conclusion**

Because the record was not developed with a full and fair presentation of defense evidence prior to the Faretta transition, denial of a targeted reopening is contrary to law and risks depriving Defendant of a meaningful opportunity to litigate suppression. *Faretta*, 422 U.S. at 819–20; *Crane*, 476 U.S. at 690; *Chambers*, 410 U.S. at 302–03; *Terry*, 392 U.S. at 21–22.

## B. Doc. 67 Is Clearly Erroneous and Contrary to Law in Treating Dispatch/Verification Materials as Complete Despite Acknowledged Incomplete Production

**Issue**

Whether Doc. 67 improperly accepts Government assurances of compliance while (i) recognizing incomplete production of first-call radio traffic, and (ii) allowing the suppression determination to rest on disputed dispatch verification and chronology.

**Rule**

Due process supports **in camera review** to determine whether confidential or withheld materials contain favorable, material information. *Pennsylvania v. Ritchie*, 480 U.S. 39, 58 (1987).

The Government must disclose material exculpatory and impeachment evidence. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Giglio v. United States*, 405 U.S. 150, 154–55 (1972). Due process is violated when false or misleading impressions are allowed to stand uncorrected on material matters. *Napue v. Illinois*, 360 U.S. 264, 269–72 (1959).

**Application**

Doc. 67 acknowledges incomplete production of relevant first-call radio traffic (Doc. 67 at 2). The Government's "dispatch independently confirmed" narrative—and the R&R's reliance on that narrative—cannot be fairly adjudicated without native PSAP/CAD event histories and complete communications.

At minimum, *Ritchie* supports ordering in camera review of disputed CAD call notes and audit trails so the Court can determine materiality and required disclosure without unnecessary exposure of legitimately sensitive information.

**Conclusion**

Doc. 67 is clearly erroneous or contrary to law insofar as it denies court-supervised completion or verification of core dispatch materials while permitting the suppression analysis to proceed on disputed and incomplete records. *Brady, Giglio, Napue, Ritchie.*

---

**C. Doc. 67's Irrelevance Determination Regarding Sealing and "Fugitive" Designation Is Contrary to Law**

**Issue**

Whether Doc. 67 erroneously deems sealing and fugitive-designation materials irrelevant despite their relevance to due process, access to material information, and impeachment of the Government's narrative.

**Rule**

Rule 6(e)(4) permits sealing an indictment until the defendant is in custody or released. *Fed. R. Crim. P.* 6(e)(4).

In the Ninth Circuit, sealing tolls limitations only if it serves a legitimate prosecutorial objective; it may not be used to gain improper advantage. *United States v. Shell*, 961 F.2d 138, 142–43 (9th Cir. 1992).

Material impeachment evidence must be disclosed. *Brady*, *Giglio*.

**Application**

Doc. 67 treats fugitive designation and sealing materials as irrelevant. (Doc. 67 at 3.) That conclusion is contrary to law because such materials may bear on delay, notice, coordination, monitoring claims, and impeachment of the Government's asserted predicates. Where the defense makes a concrete showing that the sealing predicate may be inaccurate or improper, *Shell* confirms the relevance of those materials. At minimum, *Ritchie* supports in camera review.

**Conclusion**

The categorical irrelevance ruling is contrary to law because the materials may contain Brady/Giglio impeachment evidence and bear directly on the integrity of the Government's suppression narrative. *Fed. R. Crim. P.* 6(e)(4); *Shell*; *Brady*; *Giglio*; *Ritchie*.

---

**D. The Subpoena Analysis Is Overbroad; *Nixon* Does Not Support Categorical Denial of Targeted Production**

**Rule**

Subpoenas duces tecum are permissible where the proponent demonstrates relevance, admissibility, and specificity. *United States v. Nixon*, 418 U.S. 683, 700 (1974).

**Application**

Doc. 67 relies on *Nixon* to deny subpoenas (Doc. 67 at 4) while acknowledging incomplete production of relevant radio materials. Denying any mechanism to secure the best evidence, while relying on disputed dispatch verification and chronology, is inconsistent with compulsory process and due process.

**Conclusion**

Doc. 67 should be modified to permit narrowly tailored production or court-supervised review consistent with *Nixon*.

---

# V. EXTENSION OF TIME TO OBJECT TO THE REPORT AND RECOMMENDATION (DOC. 66)

**Rule**

Rule 59(b)(2) provides a 14-day objection period, which the Court may extend for good cause. *Fed. R. Crim. P.* 59(b)(2); *Fed. R. Crim. P.* 45(b).

**Application**

Good cause exists because production was acknowledged as incomplete; the R&R rests on disputed dispatch and chronology issues; and Defendant's ability to develop the record was impaired until the November 20 Faretta transition.

**Requested Extension**

Defendant requests a reasonable extension sufficient to incorporate the outstanding dispatch and radio materials and any determinations following in camera review.

---

## VI. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the District Judge **set aside or modify Doc. 67**, order targeted production and/or in camera review of disputed materials (including sealing and fugitive-designation materials that may contain Brady/Giglio impeachment), reopen the evidentiary hearing on a limited basis if necessary, and extend the Rule 59(b) deadline for good cause.

Dated: JANUARY 2ND, 2026

Respectfully submitted,

/s/ **Cody Christian Likens**

**Cody Christian Likens**

10065 N. Alder Spring Dr.

Oro Valley, 85737
520-4257415
codylikens1@gmail.com
Defendant, Pro Se