**CODY LIKENS**

10065 N. Alder Spring Dr.
Oro Valley, 85737
520-4257415
codylikens1@gmail.com
Defendant, Pro Se



FILED ___ RECEIVED LODGED COPY

JAN - 2 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY___ DEPUTY

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| United States of America, Plaintiff, | Case No. CR25-01354-TUC-AMM(MSA) |
|---|---|
| v. | **DEFENDANT'S OBJECTIONS UNDER RULE 59(a) TO MAGISTRATES ORDER DENYING IN-CAMERA REVIEW (DOC. 65)** |
| Cody Christian Likens, Defendant | |

Defendant Cody Christian Likens, appearing *pro se*, submits these objections under Federal

Rule of Criminal Procedure 59(a) to the Magistrate Judge's Order (Doc. 65) denying

Defendant's Emergency Motion for In Camera Review and Limited Disclosure (Doc. 62) and

Motion to Lodge Exhibits Under Seal (Doc. 63).

***Doc. 65 is contrary to law and clearly erroneous to the extent it:***

1. concludes there is no authority "specifically authorizing" in camera lodging or review of the factual basis underlying the Government's court-facing "fugitive" representation used to obtain sealing at case initiation;

2. deems the issue irrelevant because the case is "now unsealed," or because the fugitive predicate is not an element of the charged offenses or a sub-issue of the pending suppression motion; and

3. denies a narrow, court-managed process to identify, lodge, and review sealed or hidden docket materials that remain inaccessible—particularly Docket Nos. 4 and 5.

Defendant seeks a modest, least-intrusive, court-supervised mechanism: **in camera lodging and judicial review first**, followed—only if warranted—by a court-approved summary, substitution, or limited disclosure of **non–grand-jury factual material** necessary to safeguard constitutional disclosure obligations and the integrity of judicial proceedings, under protective conditions.

### *Notice re arresting-agency identification.*

Defendant intends to file a separate motion seeking identification/verification of the arresting agency(ies) and minimal execution/return reconciliation documentation. This Rule 59(a) objection references that issue only to explain why the sealing/fugitive predicate and missing/hidden docket items are not collateral to credibility and disclosure analysis.

## I. TIMELINESS AND PRESERVATION

These objections are timely under Rule 59(a) and are intended to preserve review of Doc. 65.

## II. PROCEDURAL BACKGROUND

1. ***The Government's sealing predicate was conclusory and court-facing; the Indictment (Doc. 6) remains sealed in unredacted form.***

   The Government initiated this case by filing a Motion to Seal asserting—without a supporting declaration or factual proffer—that "the defendant is a fugitive," and requesting that the Indictment, Motion to Seal, and sealing order remain sealed "until further order of this Court." Although portions of the docket were later unsealed following Defendant's arrest and initial appearance, the docket reflects that at least certain materials remain sealed pursuant to Court policy—including the **unredacted Indictment (Doc. 6)**—and additional entries appear suppressed or non-viewable (including Docket Nos. 4 and 5).

2. ***The Court granted sealing "until further order."***

   The Court granted the Motion to Seal.

3. ***Sealed or suppressed docket materials remained inaccessible long after apprehension.***

   Although portions of the docket were later unsealed following Defendant's arrest and initial appearance, the factual predicate materials underlying the fugitive designation—and related sealed or suppressed docket entries—remained inaccessible for

approximately 260 days after apprehension, despite the original sealing justification being tied to fugitive status.

4. ***Continued secrecy requires a current, articulated justification.***

Even where sealing is initially justified (e.g., to facilitate apprehension or avoid compromising an investigation), continued sealing after apprehension is not automatic. Once the apprehension rationale is spent, the Government must be able to articulate a present, legitimate reason for continued secrecy of predicate materials—particularly where the predicate representation ("fugitive") is contested and where continued concealment affects Defendant's ability to litigate disclosure, credibility, and record-integrity issues. A narrow in camera lodging/review order is the least intrusive mechanism to permit the Court to test whether any continuing justification exists and whether any favorable/material non–grand-jury factual information must be disclosed or summarized.

5. ***The inaccessible docket numbers at issue include Docket Nos. 4 and 5.***

The public-facing docket report appears to skip, suppress, or otherwise not display Docket Nos. 4 and 5, notwithstanding the docket sequence suggesting their existence.

6. ***Defendant sought a narrow mechanism: in camera review and tailored disclosure if warranted.***

Defendant filed motions seeking (a) in camera review and limited, tailored disclosure of non–grand-jury factual materials supporting the Government's "fugitive" representation used to obtain sealing at case initiation, and (b) lodging of exhibits under seal for Court review.

7. *The Magistrate Judge denied the motions on authority and relevance grounds.*

Doc. 65 denied relief on the grounds that (a) the case is now unsealed, (b) the fugitive predicate has "nothing to do" with the charges or the suppression motion, and (c) Defendant cited no authority "specifically authorizing this type of inquiry."[1]

## III. STANDARD OF REVIEW

Rule 59(a) governs nondispositive matters decided by a magistrate judge. The District Judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous. The relief sought is **nondispositive** because it concerns court management of sealed records and in camera screening, not adjudication of suppression or guilt.

---

1 The Emergency Motion was initially assigned to the Honorable Angela M. Martinez and subsequently denied by the Magistrate Judge. In addressing the motion, the Court appears to have treated the filing as a sealed motion in its entirety. However, Defendant filed only the **exhibits** under seal, accompanied by a separate Notice of Lodging/Notice to Seal as a distinct event; the Emergency Motion itself was filed publicly. At present, the Emergency Motion does not appear as a separate, publicly viewable docket entry. Accordingly, Defendant includes the Emergency Motion as an attachment to this submission solely to ensure a complete and accurate record for review and to avoid any ambiguity regarding the substance of the relief sought.

## IV. OBJECTIONS

**A. Doc. 65 is contrary to law because in camera review is a recognized judicial mechanism for screening sensitive records for favorable and material information.**

The Supreme Court has recognized that due process may require the trial court to conduct **in camera review** of confidential records to determine whether they contain favorable and material evidence, rather than allowing unsupervised defense access to sensitive files. *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987).

Where no rule prescribes a specific procedure for the precise posture presented, the Court may regulate practice in any manner consistent with federal law, the Federal Rules, and the Local Rules. Fed. R. Crim. P. 57(b). In camera lodging and review is a least-intrusive, court-supervised mechanism to resolve disputes over sensitive predicate materials while protecting any legitimate confidentiality interest.

Ritchie supports the relief requested here: court-supervised in camera review first, followed by a tailored remedy only if the Court finds favorable and material information.

**B. Doc. 65 is contrary to law because Brady/Giglio materiality provides an independent relevance basis for court-supervised in camera review of the sealing/fugitive predicate materials.**

Doc. 65's conclusion that the fugitive/sealing predicate has "nothing to do" with the case misapplies relevance in the Brady/Giglio context. The Government's constitutional duty encompasses material exculpatory and impeachment evidence. *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).

1. ***Brady/Giglio cover both exculpatory and impeachment evidence.***

   Brady requires disclosure of favorable evidence material to guilt or punishment, and Giglio confirms the duty includes impeachment information bearing on credibility.

2. ***No general discovery right is asserted; the requested remedy is narrow and court-managed.***

   Defendant seeks in camera screening of a defined category (non–grand-jury predicate materials supporting a court-facing fugitive/sealing representation), not broad discovery.

3. ***Application to the fugitive/sealing predicate and Docket Nos. 4, 5, and the sealed unredacted Indictment (Doc. 6).***

   Where "fugitive" status was invoked to obtain sealing and docket materials remain sealed/suppressed (including Docket Nos. 4 and 5 and the sealed unredacted Indictment at Doc. 6), those materials may contain impeachment information, record-integrity information, or other favorable facts bearing on judicial integrity and disclosure obligations. The accuracy of factual representations made to the Court to obtain extraordinary relief such as sealing is itself potentially impeachment material and directly implicates the integrity of judicial proceedings. In camera review is the least intrusive mechanism for the Court to determine whether any favorable/material information exists and what (if anything) may be disclosed, summarized, or corrected.

4. ***Real-world consequences and prejudice.***

   The "fugitive" designation is not a semantic label. It can have concrete, prejudicial consequences that bear on due process, credibility, and remedies. In real-world practice, a "fugitive" designation may: (i) affect pretrial detention decisions and risk assessments;

(ii) influence the level of force and tactics used in arrest/execution; (iii) impede access to counsel and evidence by constraining what is visible on the docket and what can be litigated pretrial; and (iv) distort the Court's understanding of Defendant's conduct and procedural posture. Because the Government relied on "fugitive" status to obtain sealing and continued concealment/suppression of docket entries, the factual basis for that designation is potentially material impeachment and record-integrity evidence. In camera review is the least intrusive method to resolve whether the designation was factually supported and whether any non–grand-jury factual predicate materials must be disclosed, summarized, or corrected.

## C. Doc. 65 is contrary to law because District of Arizona Local Rules expressly provide a procedure for sealed lodging and defendant access to sealed court records by docket number—precisely what is necessary to address Docket Nos. 4 and 5.

The District of Arizona Local Rules provide specific mechanisms governing sealing, sealed lodging, and defendant access to sealed records.

### 1. *Defendant access to sealed court records is governed by LRCrim 49.6, including a docket-number requirement.*

The Rule authorizes a defendant application to access a sealed court record and requires the application to identify the sealed record by docket number, be limited to records the defendant cannot obtain elsewhere, certify reasonable efforts, and state why access is required. Because the missing entries have now been identified as Docket Nos. 4 and 5, Defendant's request is the narrow docket-number inquiry contemplated by LRCrim 49.6.

2. ***Ex parte limitations support a court-managed approach (in camera review and summary/substitution).***

LRCrim 49.6(d) limits access to sealed ex parte filings of the opposing party, supporting in camera review first and only the least restrictive court-approved disclosure if warranted.

3. ***Referral mechanism exists by rule.***

LRCrim 49.6(e) authorizes referral of a sealed-record access application to a magistrate judge for ruling, further confirming the existence of structured authority to adjudicate sealed-record access disputes.

## D. *Doc. 65 misapprehends Defendant's request by treating later unsealing as dispositive.*

Defendant does not challenge whether a redacted indictment is publicly visible. Defendant seeks judicial screening of sealed predicate materials and clarification of suppressed docket entries so the proper local-rule procedures can be invoked.

Later unsealing of portions of the docket does not resolve:

- whether the fugitive predicate was factually supported;

- whether predicate materials remain sealed/suppressed at Docket Nos. 4 and 5 (and/or otherwise remain inaccessible in practice);

- whether predicate materials are incorporated by reference into sealed filings associated with the unredacted Indictment (Doc. 6) or the sealing motion/order; or

- whether favorable/material impeachment or exculpatory information exists in those sealed records.

## V. REQUESTED RELIEF

Defendant respectfully requests that the District Judge modify or set aside Doc. 65 and order the following limited relief:

1. ***Clarification of missing/hidden docket numbers (Docket Nos. 4 and 5).***

   The Government or the Clerk shall identify and clarify whether Docket No. 4 and Docket No. 5 are: (a) sealed entries; (b) sealed ex parte entries; or (c) lodged proposed sealed filings (or other sealed record types).

2. ***Relief under LRCrim 49.6 (construe as application or grant leave).***

   The Court should construe Defendant's request as an application under D. Ariz. LRCrim 49.6 to access the sealed court records at Docket Nos. 4 and 5, or grant leave to file such an application nunc pro tunc, consistent with LRCrim 49.6(b) and (c).

3. ***In camera lodging order (limited).***

   If Docket Nos. 4 and/or 5 correspond to sealed records bearing on the sealing predicate —and to the extent any predicate materials are incorporated by reference into the sealed filings associated with **Doc. 6 (unredacted Indictment)** or the sealing motion/order— the Court should order the Government to lodge those predicate materials under seal (and ex parte if necessary) for in camera review, with any access addressed under LRCrim 49.6(d)'s limitations.

4. ***Court-approved summary/substitution if warranted.***

   If the Court finds favorable/material information after in camera review and determines

some disclosure is permissible, the Court should order the least restrictive remedy (e.g.,

a court-approved summary/substitution or limited redaction), consistent with LRCrim

49.6(d) and protective restrictions.

5. ***Reservation of arresting-agency motion.***

Defendant reserves arresting-agency identification and execution/return reconciliation

for a separate motion.

## VI. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the District Judge sustain these

objections and order the limited docket clarification and in camera lodging/review mechanism

requested.

DATED: January 2ND, 2026

Respectfully submitted,

/s/ Cody Christian Likens

Cody Christian Likens

Defendant, *pro se*

10065 N Alder Spring Dr.

Oro Valley, Az. 85737

codylikens1@gmail.com

**CERTIFICATE OF FILING**

I certify that on _____, 2026, **I filed the foregoing document in person**

**with the Clerk of the United States District Court for the District of Arizona**.

/s/ Cody Christian Likens

Cody Christian Likens

Defendant, *pro se*