# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA



| | |
|---|---|
| United States of America, Plaintiff, | Case No. CR25-01354-TUC-AMM(MSA) |
| v. | **DEFENDANT'S OBJECTIONS** |
| Cody Christian Likens, | **TO REPORT AND RECOMMENDATION** |
| Defendant | |

DEFENDANT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION (DOC. 66)

*(Fed. R. Crim. P. 59(b) — Request for De Novo Review; Request to Receive Further Evidence; Motion for Extension and Reservation of Right to Supplement under Fed. R. Crim. P. 45(b))*

Defendant **Cody Christian Likens**, appearing *pro se*, submits these timely objections to the Report and Recommendation ("R&R") (Doc. 66) pursuant to **Federal Rule of Criminal Procedure 59(b)(2)**. The District Judge must conduct **de novo** review of the portions of the R&R to which objections are made and may "accept, reject, or modify" the recommended disposition, "receive further evidence," or remand. **Fed. R. Crim. P. 59(b)(3).**

I. DIRECT STATEMENT OF RELIEF REQUESTED

The R&R should not be adopted because its reasonable-suspicion, prolongation, and inventory-search analysis depends on disputed chronology and dispatch-knowledge findings that are not

supported by contemporaneous objective records, and because the Government has **not complied with the Court's December 17 discovery directives** necessary to test those dispositive claims.

Defendant respectfully requests that the Court:

1. **Reject** the R&R and **grant the Motion to Suppress**; or

2. **Decline to adopt** the R&R and **remand** for a limited evidentiary hearing focused on:

   - (a) dispatch/PSAP/CAD audit and event-history data,

   - (b) complete 911 and radio audio for Call 1 and Call 2,

   - (c) native logs and metadata necessary to resolve stop inception and claimed "verification," and

   - (d) tow/impound/inventory chronology and policy compliance; and

3. **Order completion of the December 17 discovery** and set a schedule permitting meaningful litigation of the suppression record.

Additionally, for good cause, Defendant moves under **Fed. R. Crim. P. 45(b)** for a **brief extension** to file a **supplemental objection** once the Government satisfies the December 17 discovery requirements, and requests that the Court explicitly **permit supplementation** (or treat the present filing as a partial objection with supplementation allowed) to prevent the record from being fixed by an incomplete production.

## II. PROCEDURAL AND DUE PROCESS BACKGROUND

1. The suppression dispute turns on **objective timing and dispatch knowledge**—what was known and communicated **before** the stop—and on whether the subsequent impound/inventory was a valid standardized caretaking function or an investigatory search.

2. The Government has not completed the discovery the Court ordered on **December 17**, yet the R&R proceeds as if dispositive dispatch and chronology questions can be resolved without the missing records.

3. The inability to obtain and present key objective materials has been intertwined with earlier procedural events, including the **November 20 Faretta hearing** precipitated by prior counsel's refusal to submit defense evidence central to suppression litigation. The right of self-representation exists to preserve a defendant's autonomy in presenting the defense. **Faretta v. California**, 422 U.S. 806, 819–20 (1975).

4. Due process requires a meaningful opportunity to present evidence central to a claim. **Crane v. Kentucky**, 476 U.S. 683, 690 (1986); **Chambers v. Mississippi**, 410 U.S. 284, 302–03 (1973).

---

## III. STANDARD OF REVIEW

A. De novo review; authority to receive further evidence

The Court must review de novo the portions of the R&R to which objection is made and may receive further evidence or remand. **Fed. R. Crim. P. 59(b)(3).**

B. Fourth Amendment framework

A stop must be justified at its inception by reasonable suspicion. **Terry v. Ohio**, 392 U.S. 1, 21–22 (1968). The stop may not be prolonged beyond its mission absent independent reasonable suspicion. **Rodriguez v. United States**, 575 U.S. 348, 354–57 (2015); **United States v. Landeros**, 913 F.3d 862, 867–68 (9th Cir. 2019).

IV. OBJECTION 1 — THE R&R RESTS ON A DISPOSITIVE FACTUAL PREMISE ("DISPATCH VERIFIED SUSPENSION") THAT IS NOT SUPPORTED BY CONTEMPORANEOUS, COMPLETE RECORDS

Issue

Whether the R&R errs by crediting a finding that dispatch "independently verified" suspension as the objective basis for the stop where the contemporaneous record is incomplete and produced timestamps indicate verification occurred only **after** the seizure.

Rule

Reasonable suspicion must exist at the inception of the stop. **Terry**, 392 U.S. at 21–22. Later-acquired information cannot retroactively justify a seizure. **Ornelas v. United States**, 517 U.S. 690, 696 (1996). Where officers rely on dispatch information, legality depends on what was actually known and communicated within the collective knowledge at the time. **United States v. Hensley**, 469 U.S. 221, 231–33 (1985); **United States v. Fernandez-Castillo**, 324 F.3d 1114, 1118 (9th Cir. 2003).

Application

The R&R adopts a "dispatch verified" premise while the Government has not produced the native PSAP/CAD event history, audit trail, and complete dispatcher/radio audio ordered on December 17. Adopting a dispositive finding on an incomplete record presumes facts against the defense and contravenes de novo review.

Conclusion

The Court should reject any dispositive "dispatch verified" finding unless and until the Government produces the complete ordered records establishing verification **before** the stop.

---

## V. OBJECTION 2 — WITHOUT VERIFIED PRE-STOP INFORMATION, THE STOP REDUCES TO AN ANONYMOUS ACCUSATION INSUFFICIENT TO ESTABLISH REASONABLE SUSPICION

Rule

Anonymous tips must be reliable in their assertion of illegality, not merely identification. **Florida v. J.L.**, 529 U.S. 266, 270–72 (2000); **United States v. Brown**, 925 F.3d 1150, 1159 (9th Cir. 2019). Even where 911 calls may have reliability indicators, courts must assess whether the tip and corroboration support illegality. **Navarette v. California**, 572 U.S. 393, 398–404 (2014).

Application

Absent proven pre-stop verification, the stop rests on an uncorroborated anonymous accusation of suspended driving, which is insufficient under *J.L.* and *Brown*.

## VI. OBJECTION 3 — CHRONOLOGY CONFLICTS AND LOG IMPOSSIBILITIES UNDERMINE CREDIBILITY AND THE GOVERNMENT'S BURDEN

Reasonable suspicion and escalation must be assessed sequentially based on objective facts known at each stage. **Terry**, 392 U.S. at 21–22; **Ornelas**, 517 U.S. at 696. Internal inconsistencies, mid-incident reclassification, and custody/arrest-time conflicts are not "administrative" errors; they are dispositive. Without the ordered native records, credibility findings are premature.

## VII. OBJECTION 4 — EVEN IF THE STOP BEGAN LAWFULLY (DISPUTED), IT WAS IMPERMISSIBLY PROLONGED INTO AN INVESTIGATORY MISSION

A stop may not be prolonged to pursue unrelated investigations absent independent reasonable suspicion. **Rodriguez**, 575 U.S. at 354–57; **Landeros**, 913 F.3d at 867–68. The incomplete discovery prevents accurate determination of whether unrelated tasks added time or suspicion independently arose.

# VIII. OBJECTION 5 — IMPOUNDMENT AND INVENTORY WERE UNREASONABLE BECAUSE A LESS OBTRUSIVE CARETAKING OPTION WAS IMMEDIATELY AVAILABLE (REGISTERED OWNER FIVE MINUTES AWAY AND ON THE PHONE)

Rule

Impoundment is a seizure subject to Fourth Amendment reasonableness. **Miranda v. City of Cornelius**, 429 F.3d 858, 862 (9th Cir. 2005). Caretaking seizures must be reasonable in light of readily available alternatives. *Id.* Inventory searches must follow standardized procedures and may not be a ruse for investigation. **Colorado v. Bertine**, 479 U.S. 367, 372 (1987); **Florida v. Wells**, 495 U.S. 1, 4 (1990).

Application

The asserted caretaking rationale (traffic hazard) could have been resolved without impoundment because the **registered owner was on the phone, available, and approximately five minutes away**. Allowing prompt lawful retrieval would have eliminated any hazard without intruding on possessory or privacy interests. Proceeding directly to tow and inventory supports an investigatory purpose inconsistent with *Miranda*, *Bertine*, and *Wells*.

Conclusion

Impoundment and inventory were unreasonable under the community-caretaking doctrine; the inventory exception does not apply.

## IX. OBJECTION 6 — INVENTORY SEARCH INVALID AND, IN ANY EVENT, FRUIT OF THE POISONOUS TREE

If the stop or its prolongation was unlawful, derivative evidence must be suppressed. **Wong Sun v. United States**, 371 U.S. 471, 484–88 (1963). The Government has not met its burden to establish a standardized caretaking inventory rather than an investigatory search.

## X. OBJECTION 7 — DISCOVERY NONCOMPLIANCE AND DUE PROCESS VIOLATIONS PRECLUDE ADOPTION OF THE R&R

Due process requires disclosure of material exculpatory and impeachment evidence. **Brady v. Maryland**, 373 U.S. 83, 87 (1963); **Giglio v. United States**, 405 U.S. 150, 154–55 (1972). Courts may order in camera review to resolve materiality disputes. **Pennsylvania v. Ritchie**, 480 U.S. 39, 58 (1987); **United States v. Zolin**, 491 U.S. 554, 572 (1989). Adoption of the R&R would reward noncompliance with the December 17 order.

## XI. OBJECTION 8 — SEALING AND "FUGITIVE" REPRESENTATIONS REMAIN RELEVANT TO IMPEACHMENT AND RECORD INTEGRITY

Sealing must serve a legitimate prosecutorial objective. **Fed. R. Crim. P. 6(e)(4)**; **United States v. Shell**, 961 F.2d 138, 142–43 (9th Cir. 1992). Impeachment evidence is subject to disclosure. **Giglio**, 405 U.S. at 154–55. In camera review is appropriate where such materials may bear on credibility or timing. **Ritchie**, 480 U.S. at 58.

XII. MOTION FOR EXTENSION; RESERVATION OF RIGHT TO SUPPLEMENT AND SUBMIT EXHIBITS

A. Extension and good cause

Good cause exists under **Fed. R. Crim. P. 45(b)** because the Government has not satisfied the **December 17 discovery order**, yet the R&R's dispositive findings depend on the withheld materials.

B. Reservation of rights to supplement and submit exhibits

Defendant **expressly reserves the right** to:

1. **Supplement these objections** with additional factual findings and legal argument **upon production** of the outstanding, court-ordered discovery; and

2. **Submit exhibits** necessary to correct and complete the suppression record **if the Government fails to produce the ordered materials by the Court-imposed deadline**, limited to materials already ordered or discoverable under Rule 16 and *Brady/Giglio*.

Defendant requests that the Court expressly permit a **Supplement to Objections** to be filed within a set period after complete production so that de novo review under **Rule 59(b)(3)** is conducted on a full and accurate record. Nothing herein waives any objection or concedes the adequacy or admissibility of late-produced materials.

## XIII. CONCLUSION

Defendant respectfully requests that the Court reject the R&R and grant suppression, or alternatively remand for limited evidentiary development and completion of ordered discovery; permit in camera review where appropriate; and grant an extension to supplement objections and submit exhibits necessary to correct the record.

Dated: January 2nd, 2026

Respectfully submitted,

/s/ **Cody Christian Likens**

**Cody Christian Likens**

Defendant, *Pro Se*