**CODY LIKENS**
10065 N. Alder Spring Dr.
Oro Valley, 85737
520-4257415
codylikens1@gmail.com
Defendant, Pro Se



# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br><br>v.<br><br>Cody Christian Likens<br>Defendant | Case No. CR25-01354-TUC-AMM(MSA)<br><br>**DEFENDANT'S MOTION TO CLARIFY**<br><br>**(Rule 59 Coordination)** |

**DEFENDANT'S MOTION TO CLARIFY PROCEDURAL RELIEF AND FOR ENTRY OF A COORDINATING ORDER REGARDING PENDING RULE 59 OBJECTIONS; REQUEST TO HOLD ADOPTION OF REPORT AND RECOMMENDATION IN ABEYANCE**

*(Fed. R. Crim. P. 45(b), 59(a), 59(b)(3), 16)*

Defendant Cody Christian Likens, appearing *pro se*, respectfully moves for clarification and entry of a coordinating order regarding the Court's resolution of Defendant's timely objections filed on January 2, 2026 as to:

1

(1) the Report and Recommendation at Doc. 66 pursuant to Fed. R. Crim. P. 59(b); and

(2) nondispositive magistrate judge orders at Docs. 65 and 67 pursuant to Fed. R. Crim. P. 59(a)

(collectively, the "Pending Objections").

This motion further seeks enforcement and coordination of the District Judge's prior order directing completion of discovery forthwith (Doc. 61), the Magistrate Judge's December 19, 2025 order reiterating discovery obligations in connection with the denial of reopening the evidentiary hearing, and the Court's April 8, 2025 Order enforcing the Government's continuing disclosure obligations under Fed. R. Crim. P. 5(f), *Brady v. Maryland*, 373 U.S. 83 (1963), and governing Ninth Circuit authority (Doc. 8).

The relief requested is procedural and administrative in nature. Defendant does not present new objections or re-argue the merits. Rather, Defendant seeks a coordinating order to:

1. hold adoption of the Report and Recommendation in abeyance pending compliance with existing discovery directives;

2. enforce the Government's continuing disclosure obligations already ordered by the Court; and

3. set an administrable schedule permitting limited supplemental objections and limited supplemental exhibits so that de novo review under Fed. R. Crim. P. 59(b)(3) proceeds on a complete and accurate record and avoids further prejudice or a miscarriage of justice.

## I. FILINGS ADDRESSED

On January 2, 2026, Defendant filed timely objections to:

1. the Report and Recommendation ("R&R") at Doc. 66 pursuant to Fed. R. Crim. P. 59(b); and

2. nondispositive magistrate judge orders at Docs. 65 and 67 pursuant to Fed. R. Crim. P. 59(a).

(Collectively, the "Pending Objections.")

In addition, for purposes of record completeness and clarification of the procedural posture giving rise to this motion, Defendant incorporates by reference:

i. the District Judge's Order directing completion of discovery forthwith (Doc. 61); and

ii. the Magistrate Judge's December 19, 2025 Order reiterating and enforcing discovery obligations in connection with the denial of reopening the evidentiary hearing.

These orders form the basis for the relief requested herein, which is limited to coordinating resolution of the Pending Objections, enforcing compliance with existing discovery directives, and setting an administrable schedule to permit authorized supplementation under Fed. R. Crim. P. 59(b)(3).

## II. RELIEF REQUESTED

Defendant respectfully requests an order that:

**A.** Holds adoption of the R&R (Doc. 66) in abeyance pending:

(i) completion of Court-directed discovery necessary to resolve the objective chronology and communications disputes raised in the Pending Objections; and

(ii) completion of a record adequate for meaningful review under Fed. R. Crim. P. 59(b)(3);

**B.** Coordinates resolution of the Pending Objections so that de novo review under Rule 59(b)(3) occurs on a complete and accurate record, consistent with the Court's authority to "receive further evidence" or return the matter with instructions, Fed. R. Crim. P. 59(b)(3);

**C.** Enforces and completes Court-directed discovery by requiring date-certain completion and an itemized Notice of Compliance for outstanding materials central to the objective chronology and communications disputes raised in the Pending Objections and within the scope of Rule 16(a)(1)(E); and

**D. Authorization for Limited Supplemental Objections and Limited Supplemental Exhibits**

Defendant further requests that the Court authorize and set a schedule permitting Defendant to file Limited Supplemental Objections and Limited Supplemental Exhibits, strictly confined to the following categories:

1. **Late-Produced or Withheld Discovery.**

    Discovery produced after issuance of the R&R, or withheld despite the Court's

4

discovery directives and the Government's obligations under Fed. R. Crim. P. 16, Rule 5(f), and *Brady v. Maryland*, including materials whose absence materially affected Defendant's ability to present a complete record prior to issuance of the R&R; and

2. **Objective Record-Correction Materials Already in Defendant's Possession.**
Objective, non-cumulative materials already in Defendant's possession that were not previously lodged due to:

(a) prior counsel's express refusal to submit evidence into the record; and

(b) the timing of Defendant's access to digital discovery coinciding with, or occurring after, issuance of the R&R—limited solely to record-completeness and objective chronology and communications issues already raised in the Pending Objections.

This limited authorization is necessary to ensure that de novo review under Fed. R. Crim. P. 59(b)(3) proceeds on a complete and accurate record and to cure the procedural prejudice underlying Defendant's previously denied targeted request to reopen the evidentiary hearing, without expanding the scope of issues, witnesses, or legal theories beyond those already before the Court.

---

### III. LEGAL AUTHORITY

1. 1. Rule 59(b)(3). On objections to an R&R, the District Judge may "accept, reject, or modify" the recommendation, "receive further evidence," or return the matter to the magistrate judge with instructions. Fed. R. Crim. P. 59(b)(3). 2. Rule 59(a). Objections to nondispositive magistrate judge orders are reviewed under a "contrary to law or

5

clearly erroneous" standard. Fed. R. Crim. P. 59(a). 3. Rule 45(b). The Court may extend time and set deadlines for good cause. Fed. R. Crim. P. 45(b). 4. Rule 16(a)(1)(E). The Government must disclose documents/data/objects within its possession, custody, or control that are material to preparing the defense or intended for use. Fed. R. Crim. P. 16(a)(1)(E). 5. Chronology-dependent legality; objective evidence. Courts assess Fourth Amendment legality based on what officers knew at the time rather than later justification. Ornelas v. United States, 517 U.S. 690, 696 (1996). Timing and sequencing are dispositive where even brief prolongation is constitutionally significant. Rodriguez v. United States, 575 U.S. 348, 354–57 (2015). Where objective evidence bears on disputed chronology, it may override testimonial assertions. United States v. Contreras, 506 F.3d 1031, 1036–37 (9th Cir. 2007). Where the Government's account depends on officer testimony and the objective record is incomplete or inconsistent, those deficiencies weigh against reliance on testimonial reconstruction. United States v. Hernandez, 313 F.3d 1206, 1210 (9th Cir. 2002).

## IV. GOOD CAUSE; PREVENTING PREJUDICE AND A MISCARRIAGE OF JUSTICE; GOVERNMENT'S BURDEN

Good cause exists because the Pending Objections are interrelated and turn on objective chronology and communications. The Government has acknowledged that key materials remain unproduced. Defendant's ability to litigate these chronology-dependent issues was

materially constrained by delayed digital discovery and prior counsel's refusal to lodge evidence, and the R&R issued contemporaneously with late discovery access.

Because the Government bears the burden of supporting chronology-dependent factual predicates with reliable contemporaneous evidence, adopting the R&R on an incomplete objective record would improperly shift that burden and risks cementing findings that cannot be reliably sustained.

## V. PROPOSED ADMINISTRABLE SOLUTION

Defendant requests entry of the attached Proposed Order providing:

(1) a date-certain completion deadline;

(2) an itemized Notice of Compliance; and

(3) a defined window for limited supplementation.

## VI. RESERVATION OF RIGHTS

Defendant expressly preserves all rights and objections raised in the Pending Objections and does not waive any argument by filing this procedural motion.

## VII. CONCLUSION

For the foregoing reasons, Defendant respectfully requests entry of the attached Proposed Order.

DATED: January 5th, 2026

Respectfully submitted,

/s/ Cody Christian Likens

Cody Christian Likens

Defendant, Pro Se

---

CERTIFICATE OF SERVICE

I certify that on January 5th, 2026, a copy of the foregoing was served on counsel of record via the Court's CM/ECF system.