TIMOTHY COURCHAINE
United States Attorney
District of Arizona
SARAH J. PRECUP
AUSTIN L. FENWICK
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
sarah.precup@usdoj.gov
austin.fenwick@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff,<br><br>vs.<br><br>Cody Christian Likens,<br><br>   Defendant. | CR No. 25-CR-01354-AMM-MSA<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DENYING MOTION TO REOPEN EVIDENTIARY HEARING AND COMPEL DISCOVERY |

The United States respectfully requests the Court overrule the defendant's objections to the Magistrate Judge's December 19, 2025 order denying his motion to reopen the evidentiary hearing on his motion to suppress and to compel certain disclosures. In responding to the defendant's objections, the United States incorporates by reference its response to the defendant's underlying motion. (Doc. 56.)

I. **Procedural History**

On August 13, 2025, the defendant—then represented by counsel—filed a motion to suppress the traffic stop and inventory search that led to the discovery of the charged firearm and silencer. (Doc. 26.) The United States filed a reply, and the defendant a response, completing briefing. (Doc. 29, 32). On October 27, 2025, the Court held an evidentiary hearing on the motion to suppress. (Doc. 39.) At the hearing, the United States presented two witnesses, Oro Valley Police Department (OVPD) Officer Kristofer

Brandstrom, who conducted the stop and was present at the scene for the search, and OVPD Officer Timothy Michael Fletcher, who completed paperwork related to the search and whom defense counsel had requested be made available for the hearing. (Doc. 41.) The United States also entered into evidence a map showing the short distance between where the 911 call reported the defendant driving on a suspended license and where Officer Brandstrom stopped him, an audio recording of OVPD radio traffic related to the stop and search, a photograph of the defendant's vehicle, a copy of OVPD Policy related to inventory searches, the vehicle removal report OVPD completed as part of the inventory search, and body-worn camera video showing the defendant was in the driver's seat of the vehicle at the time of the stop, corroborating Officer Brandstrom's testimony that he had seen the defendant driving. (Doc. 40.)

Defense counsel cross-examined both officers called by the United States. Defense counsel also played additional body-worn camera footage from the stop showing a canine unit being run on the vehicle after the defendant's arrest. Further, defense counsel called the defendant's brother to the stand. (Doc. 42.)

At the close of the hearing, the United States requested an opportunity to submit supplemental briefing on the narrow issue of collective knowledge, which the Court granted. The United States filed its supplemental brief on October 31, 2025 (Doc. 44), and the defendant, now proceeding pro se, filed his own supplemental brief on November 20, 2025 (Doc. 54).

The same day, the defendant also filed a "Supplemental Motion for Expanded Evidentiary Scope Discovery and Subpoenas Related to Motion to Suppress." (Doc. 53.) The defendant makes several requests of the Court: (1) to reopen the evidentiary hearing on the defendant's motion to suppress (*id.* at Pages 2-3), (2) to "expand the scope" of the evidentiary hearing (*id.* at Pages 3-4), (3) to compel production of specific disclosure (*id.* at Pages 4-6), and (4) to issue witness subpoenas and subpoenas duces tecum (*id.* at Pages 6-7). On December 19, 2025, the Magistrate Judge issued an order denying the defendant's motion. He objected, (doc. 72), and the United States now responds.

**Legal Authority and Analysis**

> **I.     The Court has already held an evidentiary hearing on the defendant's motion to suppress, and has sufficient evidence to rule.**

The defendant already had the opportunity, through counsel, to fully litigate this issue. Both parties fully briefed the legal issues, and at the hearing, presented witnesses and admitted evidence for the Court's review. Defense counsel cross-examined both of the United States' witnesses and called the defendant's brother to the stand. Additionally, both the United States and the defendant filed supplemental briefing after the hearing. As the Magistrate Judge noted, to the extent that the witnesses or evidence the defendant seeks to put before the Court show pretextual reasons for the stop or search, they would not change the outcome of the motion to suppress. While the United States disputes the imputation of the defendant's neighbors' "hostility" toward him to OVPD, under the law, the stop and search were constitutional even if the stop was pretextual or the officers had dual motives in conducting an inventory search of the vehicle. *Whren v. United States*, 517 U.S. 806, 813 (1996), and a secondary motive to investigate would not invalidate the inventory search, *United States v. Bowhay*, 992 F.2d 229 (9th Cir. 1993). The defendant's request to reopen the evidentiary hearing should therefore be denied.

> **II.    The scope of the evidentiary hearing is limited to the defendant's motion to suppress.**

The Court should deny the defendant's request to "expand the scope of the evidentiary hearing." The Court ordered the evidentiary hearing on the defendant's motion to suppress, (Doc. 35), and that is and was the proper scope of the evidentiary hearing. At the hearing, both parties appropriately presented evidence relevant to that inquiry, as required by the Rules of Evidence. Any evidence outside that scope would be irrelevant and should be excluded. Fed. R. Evid. 401, 402.

/ / /

### III. The defendant's motion to compel should be denied, as United States has complied with its disclosure obligations.

The Magistrate Judge correctly declined to compel the United States to provide certain disclosure. (Do. 53 at Page 4.) The government has complied with its disclosure obligations in this case and will continue to do so. In the time since the defendant began to represent himself, the government has disclosed Bates 001-143 to the defendant directly, to include the additional radio traffic audio recording mentioned in the Magistrate Judge's December 19, 2025 Order. (Doc. 67 at 2.) The United States incorporates by reference its previous explanations regarding each of the defendant's discovery requests, as outlined in the United States' response. (Doc. 56.)

### IV. Conclusion

For all the reasons above, the United States respectfully requests the Court overrule the defendant's objection to the Magistrate Judge's Order.

Respectfully submitted this 16th day of January, 2026.

> TIMOTHY C. COURCHAINE
> United States Attorney
> District of Arizona
>
> *s/Sarah J. Precup*
> *s/Austin L. Fenwick*
>
> SARAH J. PRECUP
> AUSTIN L. FENWICK
> Assistant U.S. Attorneys

Copy of the foregoing served electronically or by other means this 16th day of January, 2026, to:

All CM/ECF participants.