CODY LIKENS
10065 N. Alder Spring Dr.
Oro Valley, 85737
520-4257415
codylikens1@gmail.com
Defendant, Pro Se



IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br><br>v.<br><br>Cody Christian Likens<br>Defendant | Case No. CR25-01354-TUC-AMM(MSA)<br><br>**MOTION TO CLARIFY ARRESTING AGENCY AND WARRANT EXECUTION**<br><br>*(Related to Doc. 65)* |

**DEFENDANT'S MOTION TO CLARIFY ARRESTING AGENCY, RECONCILE WARRANT RETURN, AND CORRECT THE RECORD REGARDING THE IMPROPER "FUGITIVE" PREDICATE**

*Fed. R. Crim. P. 41(f), 16; Brady/Giglio; Due Process; Court's Supervisory Authority)*

This motion is filed consistent with Defendant's stated intent in his pending Rule 59(a) Objection to the Magistrate Judge's Order (Doc. 65) to seek targeted relief clarifying the arresting agency, warrant execution record, and objective basis for the Government's 'fugitive' predicate. [1]

---

1    defendant in possession of a firearm who is both a previously convicted felon and a fugitive from justice should be charged in one count with a violation of 18 U.S.C. § 922(g)(1) and in a separate count with a violation of 18 U.S.C. § 922(g)(2). **In addition, it is appropriate to present evidence to the factfinder regarding each disqualifying status.**" DOJ Memorandum § 1431,

**INTRODUCTION**

Defendant Cody Christian Likens, appearing pro se, respectfully moves for a narrowly tailored order clarifying the arresting and executing agency, reconciling the warrant execution and return record for the April 7, 2025 arrest, and compelling production of objective custody, transport, and record-authentication documentation necessary to correct and reconcile the Court's record.

This motion does not seek suppression, sanctions, or adjudication of the merits. It is directed solely to record integrity and the prevention of continuing procedural harm caused by unresolved ambiguity regarding (1) which agency executed the federal warrant, (2) which officers exercised command and custody authority, and (3) the Government's reliance on an untested "fugitive" predicate that carried procedural consequences.

This motion is filed consistent with Defendant's stated intent in his pending Rule 59(a) objections (Doc. 65) and is necessary to prevent any more procedural prejudice and ensure meaningful Rule 59 and appellate review on an accurate and complete record.

## I. COURT AUTHORITY TO CLARIFY THE RECORD

A. Warrant Execution and Return — Fed. R. Crim. P. 41(f)

Federal Rule of Criminal Procedure 41(f) governs execution of warrants and the return to the Court. Rule 41(f)(1)(D) requires that the executing officer return the warrant and that the return accurately reflect execution. Where the record is ambiguous or internally inconsistent as to who executed the warrant or which agency exercised authority, the Court retains authority to require clarification, supplementation, or reconciliation of the return to protect the integrity of its proceedings.

# III. MISCHARACTERIZED PROHIBITED-POSSESSOR PREDICATE AND RECORD OMISSION

As the record currently stands before the Court, the Government's discovery and warrant-execution materials reflect Defendant as a prohibited possessor and convicted felon at the time of indictment. The only law-enforcement record identified to date that directly reconciles and corrects that mischaracterization is a later OVPD supplemental narrative authored by Officer Cherry, which documents the State's declination of prohibited-possessor charges based on redesignation of the predicate offense to a misdemeanor.

That corrective supplement is not present in the Government-produced version of the police report. Absent reconciliation of that omission, the Court-facing record falsely appears to reflect that Defendant was simultaneously a prohibited possessor, a convicted felon, and a fugitive. That appearance carries procedural consequences and underscores the necessity of correcting the record to prevent any more procedural prejudice and due-process violations.

# IV. OBJECTIVE RECORD CONFLICTS NECESSITATING CLARIFICATION

1. State dismissal for lack of probable cause. A related state matter reflects dismissal without prejudice for "NO PC."

2. Post-dismissal resubmission activity. OVPD resubmission activity dated March 17, 2025, is truncated or omitted from the Government-produced report, bearing on sequencing and procedural posture.

3. CAD activity reflecting locatability. OVPD Computer-Aided Dispatch (CAD) systems reflect more than 150 CAD events referencing Defendant's name, with associated ACIC/NCIC

administrative queries, materially inconsistent with any claim that Defendant was unlocatable or evading apprehension.

4. Warrant execution ambiguity. The record remains ambiguous as to which agency executed the April 7, 2025 arrest, which officers exercised command authority, and whether the warrant return accurately reflects those facts.

## V. DUE DILIGENCE AND DISCLOSURE POSTURE

Defendant exercised due diligence to resolve these issues informally before seeking Court intervention, including public-records requests and discovery correspondence. Only after those efforts failed did Defendant file this motion.

The Court has ordered the Government to certify completion of disclosure. Aside from materials made available on January 6, 2026, Defendant has received no further communication regarding completion of disclosure or resolution of these record-integrity issues. A disclosure-completion certification is not meaningful where unresolved ambiguity persists as to arresting agency, execution authority, custody, and fugitivity predicates.

## VI. REQUESTED RELIEF

Defendant respectfully requests that the Court enter a consolidated order requiring the Government to:

1. Identify the arresting and executing agency(ies) and all participating officers (name and agency) involved in the April 7, 2025 arrest.

2. Produce the complete warrant execution file, including the warrant return and materials reflecting execution authority and command structure.

3. Produce objective custody, transport, and booking documentation, including custody reports, transport logs, and intake records.

4. Produce objective documentation supporting any "fugitive" predicate, including attempts-to-locate logs and ACIC/NCIC administrative entries, with sensitive materials submitted in camera if necessary.

5. Produce a custodian-certified native RMS record for OVPD Incident V24100125, including all supplements, workflow fields, and metadata sufficient to reconcile discrepancies.

6. Tie compliance to the Court's disclosure-certification order, requiring explicit confirmation of production or a firm production date.

## CONCLUSION

Where ambiguity exists as to which agency executed a federal arrest and exercised custody—and where unresolved mischaracterizations affect prohibited-possessor and fugitivity predicates—the Court has authority to require clarification sufficient to protect due process, enforce disclosure obligations, and preserve the integrity of its record.

Defendant respectfully requests that the Court grant the relief requested.

Respectfully submitted, *[signature]*

DATED: January 16th, 2026

/s/ Cody Christian Likens

Cody Christian Likens

Defendant, Pro Se