**Cody Christian Likens**
Defendant, Pro Se
10065 N. Alder Spring Dr.
Oro Valley, AZ 85737
Telephone: (520) 425-7415
Email: codylikens1@gmail.com



☐ FILED  ☒ LODGED

**Jan 23 2026**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America<br>Plaintiff,<br>v.<br><br>Cody Christian Likens<br>Defendant, | **Case No. CR25-01354-TUC-AMM(MSA)**<br>**SUPPLEMENTAL OBJECTIONS** |

**DEFENDANT'S SUPPLEMENTAL OBJECTIONS TO REPORT AND RECOMMENDATION**

*(Motion to Suppress — Stop / Reasonable Suspicion / Collective Knowledge)*

**I. Preliminary Statement**

Defendant submits these Supplemental Objections based on objective, time-stamped CAD and radio records produced after the evidentiary hearing and after issuance of the Report and Recommendation ("R&R"). These materials directly contradict the R&R's foundational factual assumptions concerning (1) call classification, (2) alleged dispatcher verification, (3) claimed receipt of information by Officer Brandstrom (V276), and (4) the chronology of any records check relative to the stop. Because reasonable suspicion must exist at the inception of the stop, these errors are material and require rejection or modification of the R&R's findings. [B-1]

1

## II. Standard of Review

Because Defendant raises specific written objections to proposed findings on a dispositive suppression motion, the Court must conduct de novo review of the challenged portions. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b). Findings that are contradicted by objective contemporaneous records should not be adopted. [B-7] Where the record is incomplete or misaligned on chronology, supplementation—not assumption—is the proper course. [B-6]

## III. Objection One — The R&R Mischaracterizes the First Call as an "ATL" R&R finding.

The R&R repeatedly characterizes the first call as an "Attempt to Locate (ATL)" concerning Defendant. (R&R at 2, 7.)

**Objective record.**

The first call (Incident V24100121) was coded SUSP ACT (Suspicious Activity), not an ATL, and was closed Completed / No Contact. [A-1, A-2] The 911 caller merely "believed" Defendant's license was suspended. [A-3] No ATL classification appears anywhere in the CAD table or radio log for this call. [A-1, A-4]

Labeling the call an "ATL" materially inflates its legal significance by implying verified illegality and formal dissemination. The Ninth Circuit has rejected stops premised on embellished or mischaracterized bulletins not supported by the actual record. [B-3]

**Requested substitute finding.**

The first call was a Suspicious Activity / No Contact call, not an ATL, and did not constitute a verified or actionable bulletin.

## IV. Objection Two — The Record Does Not Support Dispatcher "Independent Verification"

**R&R finding.**

The R&R states that dispatch independently confirmed Defendant's suspended license during the initial broadcast. (R&R at 7.)

**Objective record.**

There is no dispatcher verification reflected in the CAD notes, radio log, or call transcript. [A-3, A-4] No database query appears during the first call window. [A-4] The radio traffic contains no statement of confirmation or verification. [A-4]

Absent independent verification, the case reduces to an anonymous tip alleging a non-observable legal status, which is insufficient to support reasonable suspicion. [B-2]

**Requested substitute finding.**

Dispatch did not independently verify Defendant's license status during the first call.

## V. Objection Three — No Collective Knowledge Was Communicated to Officer Brandstrom

**R&R finding.**
The R&R credits testimony that Officer Brandstrom received the initial broadcast and acted on collective knowledge. (R&R at 2.)

**Objective record.**

Officer Brandstrom (V276) does not appear anywhere in the CAD or radio records for the first call. [A-5, A-6] The only responding units were V245 and V322. [A-5] There is no acknowledgment, assignment, or transmission to V276 during the first call window. [A-6]

Collective knowledge applies only where information is actually possessed by one officer and communicated to the seizing officer. [B-4] No such communication occurred here.

3

**Requested substitute finding.**

Officer Brandstrom did not receive or act upon any information from the first call.

**VI. Objection Four — The R&R Relies on a Chronology That Is Objectively Impossible**
**R&R finding.**

The R&R credits Officer Brandstrom's testimony that he ran a records check before initiating the stop. (R&R at 6–7.)

**Objective record.**

The second call (V24100125) was the only ATL. [A-7] Officer Brandstrom first appears at 21:49:06 (enroute). [A-8] The traffic stop is logged at 21:49:09. [A-9] Brandstrom's first MDC query occurred at 21:49:38–39, after the stop. [A-10] His first radio transmission ("27/29") occurred later. [A-11] Post-stop verification cannot retroactively justify a seizure. [B-5] Courts may not credit testimony contradicted by objective timestamps. [B-7]

**Requested substitute finding.**

Officer Brandstrom did not run any records check prior to initiating the stop.

**VII. Objection Five — The R&R Improperly Collapses Two Distinct Calls**
**R&R error.**

The R&R implicitly bootstraps features of the second call onto the first to justify the stop.

**Objective record.**

The first call was closed No Contact hours earlier. [A-2] The second call was a separate ATL and the R&R itself acknowledges it did not provide pre-stop verification. [A-7]

4

**Requested substitute finding.**

Later-acquired information cannot bootstrap earlier suspicion. [B-6] The first and second calls were distinct events; the second call cannot supply justification for the stop.

## VIII. Conclusion

On the corrected record, the stop rests on nothing more than an unverified anonymous allegation of license status, with no dispatcher verification, no collective knowledge transmission, and no pre-stop records check. Under controlling Ninth Circuit authority, that is insufficient to justify a seizure. [B-1, B-2]

**Defendant respectfully requests that the Court reject the R&R's reasonable-suspicion findings and grant the Motion to Suppress.**

Respectfully submitted this 23rd day of January, 2026.

Cody Christian Likens

Defendant, Pro Se