1
2
3
4
5
6
7
8

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

United States of America,

           Plaintiff,

v.

Cody Christian Likens,

           Defendant.

CR-25-01354-001-TUC-AMM (MSA)

**ORDER**

**IT IS HEREBY ORDERED**:

    **I.   Trial Schedule**

       The date by which the Court hears the change of plea must be no later than **Friday, Friday, April 3, 2026 by 3:00 p.m.**

       The Final Pretrial Conference and hearing on any motions in limine—except for any pending *Daubert* motions—is set for **Thursday, April 9, 2026 at 1:30 p.m.** in Courtroom 6B. Defendant and counsel for the parties shall personally appear in Court at the Final Pretrial Conference.

       The Jury Trial is affirmed for **Monday, April 20, 2026 at 9:00 a.m.** in Courtroom 6B, 405 W. Congress Street, Tucson, Arizona 85701. Jury selection will take place on the morning of the first day of trial. On that day, please be present in the courtroom no later than 8:30 a.m. **Jury selection will begin promptly at 9:00 a.m.**

       **Each trial day will begin promptly at 9:00 a.m. and end at 5:00 p.m.** Each day will include morning, lunch, and afternoon breaks. Counsel and Defendant shall be present

in the courtroom by 8:30 a.m. The trial will continue each consecutive weekday until the trial concludes. The trial is estimated to last **four (4)** days.  If the parties anticipate additional time will be required for trial, a notice to the Court shall be filed **February 23, 2026** specifying the number of days.

The parties shall email by **February 23, 2026 by** a **joint proposed brief statement of the case** to be included in the jury questionnaire and read during jury selection. Parties must email their joint proposed brief statement of the case in Word (doc.) format to Judge Martinez's Courtroom Deputy, Tiffany Dame (tiffany_dame@azd.uscourts.gov) and Chambers (martinez_chambers@azd.uscourts.gov).

## II.    Juror Questionnaire

The completed juror questionnaires will be saved on a USB flash drive and will be available for counsel to pick up from Court staff in the Jury Assembly Room (JAR). Counsel will receive an email when flash drives are available during the week of **March 30, 2026**. The Defendant and the Government will each be provided one USB flash drive. These flash drives need to be returned to Court staff in the JAR on the first day of trial.[1]

## III.    Motions in Limine

Motions in limine are discouraged if the parties can informally resolve the issues without the Court's intervention. Therefore, **the parties must meet and confer prior to filing any motion in limine to determine whether it can be avoided.** Motions in limine must be accompanied by a notice of certification of conferral indicating that the parties have conferred, but they have been unable to agree on a resolution of the motion. Motions in limine that do not contain the required certification may be stricken by the Court.

Any *Daubert*/Rule 702 motions in limine shall be filed no later than **February 27, 2026. If either party seeks a hearing on a *Daubert* motion, the request for a hearing must be in the caption of that party's written motion or response.** Any other motions

---

[1] Enclosed with this Order is a sample Juror Questionnaire the Court intends to use in this matter. The proposed statement of the case shall be provided by the parties for the Court's review and consideration.

in limine shall be filed no later than **March 6, 2026.** Responses to all motions in limine are due no later than **seven (7) days** after the motion is filed.

Unless otherwise ordered by the Court, **replies are not permitted, and motions in limine as well as responses to motions in limine shall not exceed five (5) pages.** The parties must email courtesy copies of each proposed order in Word (doc.) format to Chambers (martinez_chambers@azd.uscourts.gov) on the same day that the motion is filed.[2]

### IV.    Jury Instructions, Verdict Forms, Voir Dire, and Witness List

By **Friday March 20, 2026** the parties shall file:

(a) One joint set of **stipulated preliminary jury instructions** that all parties agree are appropriate for trial. These jury instructions will be read at the beginning of the case. The parties shall submit the stipulated preliminary jury instructions in the exact order they want them read to the jury. **The parties shall provide the full text of their requested instructions.** A citation to the model jury instruction number or other authority is required to support each stipulated preliminary jury instruction.

(b) One joint set of **stipulated final jury instructions** that all parties agree are appropriate for trial. These jury instructions will be read at the end of the case. The parties shall submit the stipulated final jury instructions in the exact order they want them read to the jury. **The parties shall provide the full text of their requested instructions.** A citation to the model jury instruction number or other authority is required to support each stipulated final jury instruction.[3]

(c) One joint set of **stipulated mid-trial jury instructions** (if any) that all parties agree are appropriate for trial. These jury instructions will be read in the midst of the case. **The parties shall provide the full text of their requested instructions.** A citation to the

---

[2] The parties shall not email PDF versions of these documents as the Court is unable to make changes to such documents.

[3] After the Court receives the jury instructions from the parties, the Court will either discuss the instructions at the final pretrial conference, or issue an Order informing the parties what instructions were accepted and rejected prior to trial such that they will know the substance of all the preliminary and the likely final jury instructions prior to trial. Likewise, prior to trial, the Court will either discuss verdict forms at the final pretrial conference, or issue an Order informing the parties what verdict forms will be used at trial.

model jury instruction number or other authority is required to support each stipulated mid-trial jury instruction.

(d) **Within the joint sets of preliminary, final, and mid-trial jury instructions, any disputed jury instructions.** The proponent of the disputed instruction shall briefly explain why that instruction is appropriate and cite authority to support the proposed jury instruction. Immediately after the explanation supporting the disputed jury instruction, the opposing party shall briefly explain why that instruction is inappropriate and cite authority to support the opposition. Where applicable, the objecting party shall submit an alternative proposed instruction covering the subject or issue of law. **The parties shall provide the full text of their requested disputed instructions**.

(e) Proposed **jury verdict forms**. The parties shall indicate if the verdict forms are stipulated.

(f) Proposed questions for **voir dire**. The Court will ask standard qualifying voir dire questions. Counsel may submit questions specific to the case and parties. The Court will consider the submissions for inclusion in voir dire.

The parties must email **courtesy copies of each of the above documents in Word (doc.) format** to Chambers (martinez_chambers@azd.uscourts.gov) the same day that they are filed.

As model instructions are constantly updated, the parties shall refer to the Ninth Circuit website for the most recent version of the Ninth Circuit Criminal Model Jury Instructions. Model instructions from this website are searchable and jury instructions can be cut and pasted from this website into Word documents. Ninth Circuit Criminal Model Jury Instructions are likely to be adopted by the Court assuming such instructions are applicable under the circumstances, whereas non-Ninth Circuit Criminal Model Jury Instructions are less likely to be adopted unless a specific explanation and citation of authority supports the proposed instruction.

(g)  A **Witness List**. Each party shall file a list of witnesses that may be called to testify at trial. Any supplements to the list should be filed with the Court if it is determined that additional witnesses are required.

### V.     Trial Briefs

**Trial briefs** are due by **April 2, 2026** and shall include as attachments any charts or summaries to be used at trial. The Government's trial brief shall include a statement of facts, stipulations, legal issues, evidentiary issues, and any other pertinent issues. The Defendant's brief shall describe any affirmative defenses and any anticipated evidentiary disputes.

Each party shall also file an **exhibit list** no later than **April 10, 2026.**

### VI.     Notice to Court Reporter

By no later than the date of the final pretrial conference, counsel for all parties must provide a Notice to Court Reporter to facilitate the creation of an accurate record. The Notice shall contain the following information that may be used during the proceeding:

i)  Proper names including those of witnesses.

ii)  Acronyms.

iii)  Geographic locations.

iv)  Technical/medical terms, names, or jargon.

v)  Table of authorities, in alphabetical order, which includes all the authorities on which the parties will rely at the proceeding.

The Notice to Court Reporter need not be filed with the Court, but it **shall be provided by email** to Judge Martinez's Court Reporter, Cindy Shearman (cindy_shearman@azd.uscourts.gov), and a **courtesy copy** shall be emailed to Chambers (martinez_chambers@azd.uscourts.gov).

### VII.     Trial Binders

Each party shall prepare one exhibit binder that contains all of that party's original exhibits. Each party may use its respective binder during trial. At the end of trial, each party will submit original exhibits to the jury from this binder.

Each party must also prepare an **additional** binder for the Court that contains a copy of all of that party's exhibits. Each binder presented to the Court must be accompanied by a Table of Contents. All exhibits must be indexed with tabs that protrude from the documents. All exhibits must also include a label identifying the exhibit number on the first page of the exhibit and, whenever possible, in the lower righthand corner of the first page. On the morning of the first day of trial, the parties must have these binders completed and must give them to the Courtroom Deputy with each parties' separate Exhibit List and Witness List.[4]

**Fourteen (14) days** before trial, the Government must contact Judge Martinez's Courtroom Deputy, Tiffany Dame (tiffany_dame@azd.uscourts.gov), and provide her with the total number of the Government's exhibits. Ms. Dame will then assign the Government and Defendant a block of numbers for exhibits. The parties may also contact Ms. Dame if they have additional questions regarding the organization of exhibits, or if they would like to schedule a time to view the courtroom and test the courtroom's equipment before trial.

The parties are strongly encouraged to thoroughly consult with each other such that as many exhibits as possible are stipulated to be admitted at trial. To the extent the parties are unable to stipulate to admission after exhausting all reasonable efforts to obtain stipulations, the parties should be prepared to thoroughly explain why a particular piece of evidence should or should not be admitted in the midst of trial. The Court notes that to the extent certain issues could have and should have been specifically raised in timely motions in limine, such issues may be deemed untimely or otherwise waived if they are raised by the parties at trial.

The Court will question all jurors present for voir dire, excusing jurors as necessary for cause. The parties will then be permitted to exercise their peremptory strikes. The parties' exercise of their strikes will be simultaneous unless the parties agree to alternating strikes and notify the Court of the same. The first 12 jurors remaining after the exercise of

---

[4] Enclosed with this Order are the master forms for the Exhibit List and Witness List. *See* Attachment (Exhibit List and Witness List). Exhibit names should be brief but descriptive enough to identify the exhibit.

the strikes will comprise the jury. The 13th juror will be the alternate juror unless the parties stipulate to a random selection of the alternate juror at the Final Pretrial Conference.

Counsel for the parties shall communicate with any parties and witnesses who may appear in court to ensure that they are apprised of proper court decorum. This includes wearing proper attire, silencing cell phones, remaining quiet, and refraining from recording videos or taking photos. Information regarding decorum shall also be relayed to any family and friends of parties or witnesses who may appear in court at any time throughout the proceedings in this case.

**IT IS FURTHER ORDERED** that hereafter referral to Magistrate Judge Maria S. Aguilera is **TERMINATED**.

Dated this 10th day of February, 2026.

Honorable Angela M. Martinez
United States District Judge

Pool Sequence Number:

Trial Date: **Monday, April 20, 2026**

Participant Number:

## JUROR QUESTIONNAIRE

**Introduction:**

You have been selected as a prospective juror. This questionnaire is intended to make jury selection more efficient, thereby saving your valuable time on the day you return for further jury selection procedures. The answers you give in the questionnaire will help the Court and counsel to determine whether you could or should serve as a juror in this particular trial. There are no right or wrong answers; there are only your own personal, honest, and candid answers. To ensure that your answers are accurate and truthful, you are required to give your answers under oath. All information contained in this questionnaire will be kept confidential. The information you provide will be given only to the Judge, attorneys, Clerk's Office, and the parties, and will be used solely for the purpose of selecting a jury in this case.

Between now and when you are asked to return to complete jury selection, please do not discuss this questionnaire, or your answers, with anyone, including family members, friends, lawyers, or other prospective jurors. In addition, do not read any newspaper articles or go on the internet about this case or visit any locations at issue in this case.

Answer each question as best you can. Take your time. Please **PRINT** your answers clearly with a **pen**.

If you need extra space to answer a question, you may finish your answer on the blank page provided at the end of the questionnaire.

Do not assume that the questions show anything about what will be the evidence in this case, or that your answers will determine whether or not you will serve on this jury.

1

**Background/Employment**

Juror Number: _____

City or Town of Residence: _____

Gender: _____

Race: _____

Age: _____

Occupation or Past Occupation: _____


**Statement of the Case:**

**[INSERT BRIEF DESCRIPTION OF THE CASE]**

The defendant is presumed innocent unless and until the government proves guilt beyond a reasonable doubt. The charges are simply an allegation and do not prove anything pertaining to guilt.

Evidence presentation in this case could last up to **four (4) days**. Jurors will be required to appear in court for jury selection procedures on **Monday, April 20, 2026** unless otherwise excused before that date. The trial is scheduled from **Monday, April 20, 2026 through Friday, April 23, 2026**. Generally, evidence will be presented from 9:00 a.m. to 4:45 p.m., Tuesday through Friday, with a noon recess and mid-morning and mid-afternoon break, except for holidays and other limited adjournments of trial.

Service on a jury is one of the highest duties that each citizen owes to his or her country and inconvenience or ordinary financial problems related to jury service will not be enough to excuse a prospective juror. Federal law forbids any employer from discharging or discriminating against an employee because of jury service. Given this information, please answer the following questions.

1. Is there any reason you do not believe you could be a fair and impartial juror in this case?

   Yes ____        No ____

   If you answered yes, please explain.

   _____

   _____

   _____

2. Would the length of this trial create an undue hardship for you if you were selected to serve?

   Yes ____        No ____

   If you answered yes, please explain.

   _____

   _____

   _____

3. Law enforcement witnesses will testify in this case. Does the simple fact that a witness is a law enforcement officer (check only one answer):

    (a) make it more likely that you will believe that witness over other witnesses? _____

    (b) make it less likely that you will believe that witness over other witnesses? _____

    (c) make no difference to you, and you will evaluate the testimony of the law enforcement witness as you would any other witness? _____

If you picked (a) or (b), please explain:

_____

_____

_____

4. Do you have concerns about COVID-19 such that you believe it might affect your duties as a juror or that it would make it difficult to be a fair, impartial, and attentive juror?

Yes ___        No ___

If you answered yes, please explain.

_____

_____

_____

☐    By checking this box, I declare under penalty of perjury that all answers are true to the best of my knowledge and belief.

_____

DATE

4

## **Notice**

For your safety and the safety of all others, if you develop COVID-19 flu-like symptoms such as fever or chills, sore throat, nasal congestion, or runny nose (unless attributable to allergies), unusual muscle aches, shortness of breath or difficulty breathing, nausea or vomiting, or diarrhea, or if you have had contact within the last five (5) days with anyone who has been diagnosed with a COVID-19 infection or who has exhibited symptoms of a COVID-19 infection, **do not report for jury service.** Please contact the jury administrator at 1-520-205-4520.

## UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

EXHIBIT LIST

PLAINTIFF
_____

V.

DEFENDANT
_____                    CASE NUMBER:

| PRESIDING JUDGE | COURTROOM DEPUTY | COURT REPORTER |
|---|---|---|
| HEARING/TRIAL DATE(S) | PLAINTIFF ATTORNEY(S) | DEFENDANT ATTORNEY(S) |

| PLF NO. | DFT NO. | DATE ADMITTED | EXHIBITS |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

*EXHIBIT LIST* -- CONTINUATION

| | | | CASE NO. |
|---|---|---|---|
| vs. | | | |

| PLF NO. | DFT NO. | DATE ADMITTED | *EXHIBITS* |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

*UNITED STATES DISTRICT COURT*
*DISTRICT OF ARIZONA*

_____

PLAINTIFF

       V.

WITNESS LIST

_____

DEFENDANT

CASE NUMBER:

| PRESIDING JUDGE | COURTROOM DEPUTY | COURT REPORTER |
|---|---|---|
| HEARING/TRIAL DATE(S) | PLAINTIFF ATTORNEY(S) | DEFENDANT ATTORNEY(S) |

| PLF | DFT | DATE SWORN | DATE APPEARED | WITNESSES | Under Rule |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## WITNESS LIST -- CONTINUATION

| | | | | CASE NO. |
|---|---|---|---|---|
| | | VS. | | |

| PLF | DFT | DATE SWORN | DATE APPEARED | WITNESSES |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |