FILED LODGED
RECEIVED COPY

OCT 22 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY KCP DEPUTY

Cody Christian Likens
Defendant, Pro Se
5810 S. Hopdown Ln.
Tucson, AZ 85746
(520) 425-7515
codylikens1@gmail.com

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | **CR-25-01354-001-TUC-AMM (MSA)** |
| CODY CHRISTIAN LIKENS, | **RESPONSE TO 48(a)** |
| Defendant. | **W/O PREJUDICE** |

**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTION TO DISMISS THE INDICTMENT (DOC. 137) AND REQUEST THAT DISMISSAL BE WITH PREJUDICE**

Defendant Cody Christian Likens, proceeding pro se with standby counsel, responds to the Government's Motion to Dismiss the Indictment without prejudice (Doc. 137).

Defendant does not oppose dismissal. He objects to dismissal **without prejudice**, which would preserve the Government's ability to re-indict after expressly declining to respond to pending substantive motions and leaving material discovery disputes unresolved.

Defendant requests dismissal **WITH PREJUDICE**.

Alternatively, he requests that the Court require the Government to explain its request and consider the developed record before authorizing dismissal without prejudice.

## I. RELEVANT BACKGROUND

**1.** At the October 6, 2026 hearing, the Court granted Defendant leave to file a renewed motion to compel and a motion to dismiss, setting October 21, 2026, as the Government's response deadline. (Doc. 128.) Defendant filed both motions on October 7. (Docs. 129, 130.)

**2.** At 1:58 p.m. on October 21, the Government notified Defendant that it intended to seek dismissal of all counts without prejudice. Defendant responded that he did not oppose dismissal but requested dismissal with prejudice. He asked the Government to identify the basis for dismissal, whether it intended to re-present the charges, and whether it would respond to Docs. 129 and 130. (Ex. A.)

**3.** The Government answered:

> We typically do not provide a basis for these motions, and I will not be doing so here. Due to our request for a dismissal, we will not be filing a response to the pending motions.

(Ex. A.)

The Government did not answer whether it intended to reindict. Its motion likewise provides no explanation and requests dismissal without prejudice. (Docs. 137, 137-1.)

**4.** The existing proceedings contain material investigative disputes. In its Report and Recommendation, the Magistrate Judge observed:

> The Court has seen and heard enough to believe that OVPD was targeting Defendant, and that the officers desired to search his truck for contraband.

(Doc. 66 at 8.)

Although suppression was recommended to be denied, that observation remains part of the established procedural record.

**5.** After the federal indictment was returned, OVPD Officer Darren Cherry, identified as a Government trial witness (Doc. 119), resubmitted state charges arising from the October 3, 2024 events to the Pima County Attorney on March 17, 2025. Defendant notified the Government of that resubmission and conflicting versions of the OVPD investigative report. (Docs. 83, 83-1.)

Defendant's Renewed Motion to Compel seeks RMS version histories, audit logs, and transmittal records necessary to examine those discrepancies and potential impeachment evidence. (Doc. 129.)

## II. ARGUMENT

### A. Rule 48(a) permits limited judicial review to protect against prosecutorial harassment and bad faith.

**6.** Federal Rule of Criminal Procedure 48(a) provides that the Government may dismiss an indictment only "with leave of court."

The principal purpose of that requirement is to protect defendants against prosecutorial harassment through repeated charging, dismissal, and recharging. *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977).

The Ninth Circuit recognizes that a court may deny leave where dismissal is prompted by considerations clearly contrary to the public interest or would contribute to prosecutorial harassment. *United States v. Wallace*, 848 F.2d 1464, 1468 (9th Cir. 1988).

Although prosecutorial decisions receive substantial deference, courts retain limited authority to protect defendants contesting improper dismissal. *United States v. Garcia-Valenzuela*, 232 F.3d 1003, 1007–08 (9th Cir. 2000); *United States v. Gonzalez*, 58 F.3d 459, 461–62 (9th Cir. 1995).

**7.** A fundamental consideration under Rule 48(a) is prosecutorial good faith. The Ninth Circuit recognizes that dismissal improperly motivated by a desire to obtain a tactical advantage through reindictment at a more favorable time, or supported by a sham justification, may constitute bad faith. *Wallace*, 848 F.2d at 1468.

In *United States v. Hayden*, 860 F.2d 1483, 1488–89 (9th Cir. 1988), the court likewise recognized that using dismissal as a pretext to circumvent an adverse judicial ruling could constitute bad faith.

Defendant does not contend that these authorities eliminate prosecutorial discretion. Rather, they establish that the Court's limited review must account for sufficiently supported allegations of improper tactical purpose.

**B. The Government has not explained why it seeks to preserve reprosecution while declining to answer pending motions.**

**8. The question presented is straightforward:**

**Why does the Government need to preserve the ability to reindict Defendant if it has decided not to proceed on the indictment it already has?**

The Government has not answered. Asked directly, counsel declined to identify any basis for dismissal and did not address whether the charges would be re-presented. (Ex. A.)

The distinction is material. Dismissal without prejudice ordinarily leaves the Government free to initiate another prosecution for the same offenses, subject to applicable legal restrictions. Dismissal with prejudice provides finality as to those charges.

**9.** The timing warrants particular attention. The Government moved to dismiss on the exact date its responses to Defendant's Renewed Motion to Compel (Doc. 129) and Motion to Dismiss Counts I–III (Doc. 130) were due. (Doc. 128.)

Rather than address the factual discrepancies, discovery deficiencies, and legal challenges raised in those motions, the Government expressly stated that it would not respond. (Ex. A.)

After approximately nineteen months of proceedings, the Government seeks to terminate the prosecution at the point substantive defense challenges required a response, while preserving the possibility of beginning again.

**10.** Defendant does not assert that timing alone establishes bad faith. Nevertheless, the combination of an unexplained dismissal, an express refusal to address pending motions, and a request to preserve reprosecution raises a concrete question whether dismissal is being sought to obtain an improper procedural advantage.

District courts within this Circuit have required the Government to provide sufficient reasons to permit meaningful Rule 48(a) review. See *United States v. Olmos-Gonzales*, 993 F. Supp. 2d 1234, 1235–36 (S.D. Cal. 2014); *United States v. Roblero*, No. 24-CR-79-BTM, 2024 WL 994640, at *2 (S.D. Cal. Mar. 7, 2024).

Here, the Government has supplied no reason at all.

C. Dismissal without prejudice risks an improper procedural reset.

**11.** Defendant is not satisfied with a dismissal that temporarily ends this prosecution while permitting the Government to return under a new indictment after avoiding the challenges presently before the Court.

A second indictment would not erase the underlying evidence or historical record. It could, however, require Defendant to renew substantial portions of his defense, refile motions, and relitigate issues already developed, while allowing the Government to restructure its prosecution with knowledge of Defendant's prior arguments.

The Ninth Circuit has recognized that obtaining a more favorable opportunity for reindictment through improper tactical motivation may constitute bad faith. *Wallace*, 848 F.2d at 1468; *Hayden*, 860 F.2d at 1488–89.

**12.** The timing of judicial review also matters. *Hayden* limits a court's later ability to rely on pre-dismissal delay under Rule 48(b) after a properly granted, good-faith Rule 48(a) dismissal without prejudice. 860 F.2d at 1488–89.

Consequently, Defendant submits that the Government's reasons and the potential for improper tactical advantage should be examined before such a dismissal is entered.

Defendant acknowledges that dismissal with prejudice is an extraordinary remedy requiring a sufficient factual and legal basis. If the Court determines that such relief is not presently supported, Defendant requests that the Government first identify its reasons for seeking dismissal without prejudice.

D. Unresolved discovery and repeated deficiencies in the filed record warrant consideration before dismissal without prejudice.

**13. Unresolved Discovery and Repeated Deficiencies in the Filed Record.** Should the Court determine that dismissal with prejudice is not presently warranted, Defendant respectfully submits that the unresolved discovery issues and repeated omissions from his court submissions warrant consideration before dismissal without prejudice is authorized.

Defendant's Renewed Motion to Compel (Doc. 129) seeks OVPD records-management-system (RMS) version histories, audit logs, and transmittal records material to evaluating conflicting versions of the investigative report and potential impeachment evidence.

On October 13, 2026, **eight days before the Government moved to dismiss**, Defendant expressly notified both Assistant United States Attorneys and standby counsel that the Renewed Motion to Compel and the duplicate copy of the original motion were again missing pages.

Defendant advised that he had filed a Notice of Errata and was seeking leave to submit both versions of OVPD Report V24100125 under seal for the Court's comparative review.

The correspondence expressly identified the relevance of the discrepancies to discovery, potential witness impeachment, and the Government's continuing disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), Rule 5(f), and the Court's disclosure order (Doc. 11). (Ex. B; Notice of Errata, Doc. ____.)

**14. Incorporation of Notices of Errata.** Defendant expressly incorporates by reference his previously filed Notice of Errata (Doc. ____) and Supplemental Notice of Errata submitted October 22, 2026 (Doc. ____), including the supporting documentation identifying repeated omissions from court submissions.



CL

The Supplemental Notice addresses the newly discovered omission of internal page 3 from Defendant's original Notice of Discrepancy (Doc. 83), filed January 16, 2026. The docketed notice proceeds from internal page 2 directly to internal page 4.

Defendant has identified four affected submissions across three filing instances associated with these matters. Although Defendant does not attribute the omissions to any particular actor without supporting evidence, their recurrence, their effect on the completeness of the judicial record, and the Government's contemporaneous notice warrant consideration.

The Government was expressly informed of the filing deficiencies and related evidentiary disputes before seeking dismissal without prejudice on the October 21 response deadline.

Its subsequent refusal to answer Docs. 129 and 130 raises the question whether dismissal without prejudice would allow the prosecution to avoid unresolved challenges while preserving the option to initiate another prosecution.

E. Defendant has prepared additional constitutional grounds for dismissal that should not be bypassed if reprosecution remains available.

**15. Preserved Constitutional Claims and Prejudicial Government Misconduct.** Before the Government filed Doc. 137, Defendant had prepared additional grounds for dismissal concerning selective and vindictive prosecution, selective enforcement, and government misconduct involving the withholding of material investigative and impeachment evidence, resulting in alleged violations of the Fifth Amendment's Due Process Clause and substantial prejudice to the defense.

These grounds arise from the cumulative investigative and prosecutorial record, including the Court's prior observation concerning targeted law enforcement (Doc. 66 at 8), disputed

investigative reports, unresolved requests for RMS version histories and audit records (Doc. 129), and alleged deficiencies in the Government's disclosure of potentially favorable and impeaching evidence.

The Ninth Circuit recognizes that flagrant government misconduct causing substantial prejudice, where lesser remedies are inadequate, may warrant dismissal with prejudice. *United States v. Bundy*, 968 F.3d 1019, 1031 (9th Cir. 2020); *United States v. Chapman*, 524 F.3d 1073, 1084–87 (9th Cir. 2008).

Defendant respectfully submits that these constitutional and discovery-related claims should not be bypassed through dismissal without prejudice, particularly where the Government has declined to respond to pending motions addressing the underlying evidentiary disputes. Accordingly, if dismissal with prejudice is not granted on the present record, Defendant requests an opportunity to seek leave to present the additional grounds and supporting evidence before the Court determines whether reprosecution should remain available.

**16.** The Government's October 21 dismissal request raises an additional and distinct issue of prosecutorial good faith under Rule 48(a), particularly given its timing and express refusal to answer pending motions. *Wallace*, 848 F.2d at 1468; *Hayden*, 860 F.2d at 1488–89.

Because the Third Amended Scheduling Order restricts additional motions absent leave (Doc. 131 at 3), Defendant respectfully requests, if the Court is inclined to dismiss without prejudice, fourteen days to seek leave to file his prepared constitutional motion and supporting exhibits.

Defendant seeks finality rather than continued prosecution. Nevertheless, if the Government is to retain the ability to prosecute him again, Defendant respectfully requests an opportunity to

present the existing constitutional challenges and supporting record before the Court determines whether dismissal without prejudice is appropriate.

## III. RELIEF REQUESTED

Defendant does not oppose termination of this prosecution. He respectfully requests that the Court:

**1. DISMISS THE INDICTMENT WITH PREJUDICE.**

**2. Alternatively,** deny the Government's motion as presented, without prejudice to a renewed motion stating its reasons for dismissal, explaining why dismissal without prejudice is sought, and addressing whether the Government presently intends to re-present the charges.

**3. Alternatively,** defer ruling on Doc. 137 and **grant Defendant fourteen days to seek leave under Doc. 131 to file his prepared constitutional motion and supporting exhibits.** Defendant requests that the Court consider the unresolved discovery issues, the previously filed and contemporaneously submitted Notices of Errata incorporated herein by reference, and the circumstances surrounding the **Government's refusal to answer pending motions before determining whether dismissal without prejudice is appropriate.**

**4.** If the Court denies or defers ruling on Doc. 137 and the prosecution remains pending, establish a new deadline for the Government's responses to Docs. 129 and 130 and preserve Defendant's opportunity to reply.

Defendant respectfully submits that the Government's unexplained request should not result in an improper tactical advantage or leave him unnecessarily exposed to repeated prosecution without meaningful consideration of the existing record and the reasons for dismissal.

Dated: October 22, 2026

Respectfully submitted,

CODY CHRISTIAN LIKENS

[signature]

**CERTIFICATE OF SERVICE**

I certify that on October ___, 2026, I filed the foregoing with the Clerk of the United States District Court for the District of Arizona and served a copy on counsel for the United States and standby counsel by an authorized method of service.

Cody Christian Likens
Defendant, Pro Se

______________________

FILED LODGED
RECEIVED COPY
OCT 22 2026
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY KEP DEPUTY

Cody Christian Likens
Defendant, Pro Se
5810 S. Hopdown Ln.
Tucson, AZ 85746
(520) 425-7515
codylikens1@gmail.com

**RESPONSE TO 48(a)**

**Case No. CR-25-01354-001-TUC-AMM (MSA)**

**EXHIBITS AND INCORPORATED FILINGS**

**Exhibit A:** Complete October 21, 2026 email correspondence between Defendant and AUSA Austin L. Fenwick concerning dismissal without prejudice, the proposed basis for dismissal, possible reindictment, and the Government's refusal to answer Docs. 129 and 130.

**Exhibit B:** Defendant's October 13, 2026 email notifying AUSA Sarah J. Precup, AUSA Austin L. Fenwick, and standby counsel Saul M. Huerta, Jr., of missing pages and the request to submit conflicting OVPD report versions under seal.

**Incorporated by Reference:** Previously filed Notice of Errata (Doc. 134) and Supplemental Notice of Errata dated October 22, 2026, including their supporting documentation.



CL